## Rouch *versus* Zehring.

1. In an action against the executors of a father on a note given to his daughter, the plea being *non est factum*, the will of the father dated before the note, stating as a reason for excluding her from any part of his estate, that she had received her share in a farm sold to her husband much below its value, was irrelevant, and inadmissible.

2. If the fact were material, it could not be proved by the declaration of the obligor.

3. The plaintiff afterwards gave evidence to rebut the declaration in the will. *Held*, that this did not cure the error in admitting the will.

4. The opinion of an expert must be predicated of facts proved or admitted, or such as appear in evidence hypothetically stated. One not an expert must give facts and circumstances within his own knowledge as the ground of his opinion.

5. Declarations of the obligor shortly after the execution of the note, that he had not signed it, were admissible, not as evidence that he had not signed it, but to show want of memory and understanding about what he had done.

6. On the question of capacity a wide scope is allowable, that the jury may possess the materials to form an intelligent judgment.

May 18th 1868. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Dauphin county*: To May Term 1867, No. 5.

This was an action of debt, by Henry Rouch and Elizabeth his wife, against Henry Zehring and Matthew Mitchell, executors, &c., of Jacob Zehring, deceased, commenced September 9th 1863. The plea was "*non est factum.*"

The cause of action was the following note:—

"$1500. One month after date I promise to pay to the order of Elizabeth Rouch Fifteen Hundred Dollars, without defalcation, for value received; and I do hereby empower the prothonotary

or clerk of any court of record, within this Commonwealth or else-
where, to enter judgment against me for that amount, with release
of error, &c., and costs of suits *with* stay of execution.   My hand
and seal this first day of March, A. D. 1861.

" JACOB ZEHRING, [Seal.]"

Elizabeth Rouch was a daughter of Jacob Zehring.

On the trial, before Pearson, P. J., the plaintiff having proved
the handwriting of Zehring, rested.

The defendants offered the will of Zehring, dated September
6th 1860, and proved October 23d 1861.   The purpose of the
offer was not stated.   The plaintiffs objected to the offer ; it was
admitted by the court, and a bill of exceptions sealed.   By the
will the testator gave all his estate to six children, excluding
Elizabeth Rouch.   In the concluding clause after naming the
executors, who are his son and son-in-law, he says : " In the dis-
posal of my estate as aforesaid I have considered that my daughter
Elizabeth intermarried with Henry Rouch has received her share
of patrimony in that, that I sold her husband a certain farm or
plantation much below its real value."

The defendants then called Henry Seiders, who testified to
facts tending to show the imbecility of the testator about the time
of the execution of the note; they then proposed to ask the wit-
ness if from what he saw and heard detailed, the deceased was in
his opinion fit and competent to transact business.   This was
objected to by the plaintiffs, admitted, and a bill of exceptions
sealed.

The defendants called Henry Chubb, who testified : " Zehring
called me to his house in the spring before he died ; he said Mrs.
Rouch had the note, but he never had put his name to it ; it was
worth nothing ; was of no account ; I said I did not want to hear."
The plaintiffs objected, that it was not competent to show by his
declarations he did not sign the note.

The court admitted the testimony, saying : " It cannot be
received for that purpose, nor permitted to have that effect.   Is
only received to show Zehring's want of memory and understand-
ing about what had been done ; received to show imbecility and
not overreaching or want of indebtedness."

A bill of exceptions to this ruling was sealed for the plaintiffs.

Witness further testified : " He said I must know ; he was down
at Eliza Rouch's ; he sent by one of the boys to come to his house ;
said he wanted to tell some things which might make trouble some
day ; said Eliza Rouch wrote a note ; wanted him to sign it ; he
said he never could sign a note to that effect ; sent for me again
about a month after ; said he wanted me to testify before court
that he never did sign that note ; that he did not find himself
capable of doing business to that effect ; he sent for me again ;

[Rouch *v.* Zehring.]

said he wanted me to say that he had never signed that note; if the last words he had to say, he had never signed that note; now if the note was signed Eliza must have done it herself; he never did it in his life."

After much other evidence for the purpose of showing the incapacity of the testator, Mrs. Rouch's influence over him, and want of consideration, the defendants closed.

The plaintiffs, in rebuttal, after giving evidence in answer to the allegation of incapacity, &c., gave evidence that the farm sold to Henry Rouch was sold at its full value, and called one of the testator's granddaughters, who said: "Grandmother heard he had made a will, and she wanted to know how it was made. I went for William Lichtenwater; he read the will; grandmother scolded grandpap; she said the will was not right; said he was persuaded; was over with Mary Ann, and she got him to make it so; she said, aunt Eliza worked over age for him, she thought she ought to have her share; he said she would get it yet; grandmother said she ought to have it; had worked over age; Mary Ann had got so much, and Eliza had not got anything."

The judge in his charge said:    *    *    *    "[It is assumed that Mr. Zehring reposed great confidence in his daughter, Mrs. Rouch, and was in the habit of leaning upon her better judgment in his feeble state of mind; that she advised him in business transactions, prepared his writings, and paid away his money for him in the discharge of his debts. If confidence is reposed it must not be abused.] If the relation of confidential adviser is assumed it must not be used to the benefit of the adviser, and injury of the party confiding."    *    *

"We have three distinct grounds of consideration suggested by the plaintiffs' counsel.    1st. As compensation for services rendered by the daughter after she attained her majority.    *    *    * [2d. It is said to be a gift by the parent to the child, and doubtless the closeness of the relationship ordinarily furnishes sufficient consideration for such gifts, but certainly this one has assumed an unusual form—that of a judgment-bond with power to enter it up, and issue an execution, and covering perhaps one-third of the donor's property, as a gift this would be subject to grave suspicion, when we consider that it was drawn secretly, no one present, the father old and feeble, the daughter active and intelligent, the instrument drawn by herself, and the donation wholly in her own favor.] Still if you believe that the father was of sound business capacity and not in anywise overreached, it would be good as a gift; but if his intellect was weak to almost second childishness, such an act requires explanation.    3d. The main reliance is that the bond was given with perfect understanding by the father to correct an injustice and inequality in his will.    If the decedent at the time of giving this bond had a sound dispos-

[Rouch v. Zehring.]

ing mind and understanding, was convinced of having done injustice to this daughter by his will, and resorted to the bond as a means of correcting that injustice, it may be sustained, although the instrument was drawn by Mrs. Rouch in her own favor, and not attested with the usual formalities attendant on the execution of wills. [There is however in this action itself some evidence not only of vacillation, but of great mental weakness—first that he would be persuaded by one daughter so to frame his will as to cut out another, and then on the mere suggestion of his wife should probably more than reinstate her. The will solemnly declares that Eliza had secured her share in the price of the land, and although this may not have been the case, we must believe that the deceased so considered when he dictated the instrument.] Did he change his opinion, and did he understand that he had subsequently made a great alteration in the arrangement of his business ?　*　*　*

" This question is almost entirely for the jury. Was this bond obtained from a parent of feeble intellect by any management or overreaching on the part of a daughter of business capacity, in whom he reposed confidence, and was that confidence abused ? If such was the case and the bond given without consideration, or one greatly inadequate, it is not obligatory, should not be enforced, and your verdict should be in favor of the defendants.

" If the executors have failed to show the weakness and imbecility of the testator, that he was not of reasonable capacity to transact business when the obligation was given, or if you are satisfied that it was for a good or valuable consideration and fairly given and taken, you will find for the plaintiffs, with interest from the time the bond fell due."

The verdict was for the defendants. The plaintiffs took a writ of error.

The 1st, 2d and 3d assignments of error were the admission of evidence objected to.

The 4th, 5th, 6th and 7th, the parts of the charge included in brackets.

*R. A. Lamberton, D. Fleming* and *D. Mumma,* for plaintiffs in error.

*J. C. Kunkel* and *Hamilton Alricks,* for defendants in error, cited as to admitting the will, Cottle *v.* Aldrich, 1 Starkie 31 ; as to the testimony of Henry Seiders, Shelford on Lunatics 279 ; testimony of Chubb, 2 Kent's Com. 453 ; as to 4th error, Greenfield's Estate, 2 Harris 505.

The opinion of the court was delivered, June 1st 1868, by

SHARSWOOD, J.—This was an action of debt on a single bill against the defendants as the executors of the last will and testa-

[Rouch *v.* Zehring.]

ment 'of Jacob Zehring, deceased. The only plea was *non est factum.*

The 1st assignment of error is to the admission in evidence of the will of Jacob Zehring. It was not stated for what purpose the will was offered by the defendants. It showed that they were the executors, which, however, they had already admitted of record by their plea: Hantz *v.* Sealy, 6 Binn. 410. To say the least, the will at the time it was offered was wholly irrelevant to the issue. If the object was to put in evidence declarations contained in it bearing on the question of the single bill in suit, such evidence was clearly incompetent. If the purpose was to rebut the presumption of a gift by showing that the plaintiff had been fully provided for, the will contained no such provision. It averred a fact as a reason for not making provision for her. Whether this were or were not so may have been material, but it could not be proved by the mere declarations of the obligor. If the evidence was improper when offered, the error is not cured by the plaintiff's having given testimony to rebut it or avoid its effect. A party ought not to be prejudiced by an attempt to parry what has been illegally admitted against him. We are of opinion that there was error in the admission of the will of Jacob Zehring.

The 2d assignment of error is to a part of the testimony of Henry Seiders. It was proposed to ask him, if from what he saw and *heard detailed* the deceased was in his opinion competent to transact business. Heard detailed—by whom? If the witness had been an expert he could not state an opinion founded upon what he had heard out of court. In the case of a witness not an expert, he must give facts and circumstances within his own knowledge as the grounds of his opinion: Rambler *v.* Tryon, 7 S. & R. 90; Bricker *v.* Lightner's Executors, 4 Wright 205; Aiman *v.* Stout, 6 Wright 114; Dunham's Appeal, 27 Conn. 198. As to experts, their opinions must either be predicated of the facts proved or admitted: Champ *v.* The Commonwealth, 2 Metc. (Ky.) 17; or of such as appear in evidence, hypothetically stated: Spear *v.* Richardson, 37 New Hamp. 23; State *v.* Windsor, 5 Harring. 512. One not an expert cannot so testify: Dunham's Appeal, 27 Conn. 192; 1 Greenl. on Ev. 440, n. We think there was error, therefore, in this admission.

The 3d error assigned relates to the evidence of Henry Chubb. He was offered to testify to declarations by Jacob Zehring the spring before he died, shortly after the execution of the note in suit, that he had not signed it. This was not a fact in dispute. The testimony was admitted not to disprove the execution of the instrument, but to show want of memory and understanding about what had been done. In this point of view we cannot say that it was inadmissible. Upon such a question a wide scope must of

[Rouch *v.* Zehring.]

necessity be allowed, that the jury may possess the materials from which to form an intelligent judgment.

The remaining assignments of error are to expressions of opinion by the judge below in his charge on the weight of the evidence. He had a right to express his views, provided he did not intrude on the province of the jury. There is language which the plaintiffs in error consider as declaring certain facts to have been proved, but it is susceptible of another construction. At the close of the charge the question of fact upon the whole evidence is submitted to the jury. Any complaint on this score had, however, better be avoided on another trial.

Judgment reversed, and a *venire facias de novo* awarded.