# Becker v. Philadelphia Rapid Transit Company, Appellant.

*Practice, C. P.—Address to jury—Improper remarks by counsel —Evidence—Hypothetical questions—Negligence—Street railways.*

1. In an action against a street railway company to recover damages for personal injuries, where counsel for the plaintiff in his

address to the jury in referring to the expert testimony of the physician called as a witness by defendant, who had examined plaintiff, and whose testimony had not been impeached, said: "Will you believe the testimony of the physician for the transit company, whose business it is to minimize injuries?" and upon motion by counsel for the defendant for the withdrawal of a juror, and continuance of the case, further said: "I stand upon that" the remarks were improper.

2. Where in such case an expert medical witness, who had examined plaintiff, was asked by plaintiff's counsel over defendant's objection: "Will you give us the results of each examination afterwards; when you saw her and give us the results of each," and "taking the history of the case as given to you, and the evidence that you have heard here, would you be able to state as to what is the cause of her condition as you found it at the present time, or as you found it in May, 1911," the questions were hypothetical, and should have been framed in accordance with the well defined rules applicable to such questions and it was error for the court to permit the witness to testify in reply thereto.

Argued April 1, 1914. Appeals, Nos. 381 and 382, Jan. T., 1913, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1910, No. 3808, on verdict for plaintiff in case of Anna Ruth Becker, by her next friend and father David Becker, and David Becker, individually, v. Philadelphia Rapid Transit Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The opinion of the Supreme Court states the facts.

Verdict for Anna Ruth Becker for $2,250, and for David Becker for $250, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to withdraw a juror and continue the case, because of an alleged improper remark by plaintiff's counsel, and the third and fourth assignments of error which were as follows:

3. The learned court below erred in overruling defendant's objection to the questions and answers on direct examination of plaintiff's witness, Dr. Bochroch, and in admitting testimony as follows:

"Q. Will you give us the results of each examination afterwards; when you saw her, and give us the results of each?

"A. I will give you the result on last Sunday. The subjective examination was, that she slept poorly at night——

"Q. When was that examination?

"A. On Sunday morning.

"Q. Last Sunday morning?

"A. Yes, sir.

"Q. October 26th?

"A. Yes, sir. She says she cannot work; she says— she volunteered the statement that she constantly felt tired, and she specially felt tired in the a. m.—in the morning on arising. She still complained of passing urine frequently——

"Mr. Smyth: This is all objectionable, as they are statements made several years after the accident."

(Objection overruled.)

(Exception for defendant.)

(Witness continuing.) "She told me that—volunteered the statement. There was no objective symptoms of those. Now, the objective symptoms were these: All these muscles reflexes were still exaggerated—both the upper and lower extremities; her left pupil is still larger than the right; the limitation of the field of vision has very largely disappeared, and is distinctly better. She has a gross tremor of the tongue. When the tongue is protruded, there is a distinct tremor there. Her pulse is eighty. Her knee jerks are very markedly increased. She has cold hands and feet, and moving her backward and forward causes pain; that is, she has increased pain when moving this woman backward and forward, and it causes a rapidity of the pulse."

4. The learned court below erred in overruling the defendant's objection to the question of plaintiff's counsel on examination in chief of plaintiff's witness, Dr. Bochroch, and admitting testimony as follows:

"Q. Taking the history of the case as given to you, and the evidence that you have heard here, would you be able to state as to what is the cause of her condition as you found it at the present time, or as you found it in May, 1911?"

(Objected to by Mr. Smyth.)

(Objection overruled.)

(Exception for defendant.)

By Mr. Smyth: "Q. That also includes what she told you, does it?

"A. That is better. Do you include that?

"By Mr. Harris: Q. Yes, I will include that.

"A. Yes, sir; she could have this traumatic neurasthenia from that accident."

*David J. Smyth,* for appellant.—The reflection of the plaintiff's counsel upon the integrity of the medical expert was unjustifiable, and it was the duty of the trial judge to withdraw a juror, when requested so to do by defendant: Freeman v. Wilkes-Barre & Wyoming Valley Traction Co., 36 Pa. Superior Ct. 166; Saxton v. Pittsburgh Ry. Co., 219 Pa. 492; Brown v. Electric St. Ry. Co., 43 Pa. Superior Ct. 61; Holden v. Penna. R. R. Co., 169 Pa. 1; Wagoner v. Hazle Twp., 215 Pa. 219.

The objections to the hypothetical questions should have been sustained: Gillman v. Media Electric Ry. Co., 224 Pa. 267; Rouch v. Zehring, 59 Pa. 74.

*Bernard Harris,* with him *William M. Lewis,* for appellees.—The refusal of the trial judge to withdraw a juror at the request of defendant's counsel was not an abuse of discretion: Com. v. Ezell, 212 Pa. 293; Phœnix Brewing Co. v. Weiss, 23 Pa. Superior Ct. 519.

OPINION BY MR. JUSTICE ELKIN, May 22, 1914:

This is an action in trespass to recover damages for personal injuries resulting from the collision of two cars operated by the defendant company, in one of which cars the plaintiff, Anna Ruth Becker, was a passenger. At the trial there was no attempt to defend against the negligence charged, and the case was made to turn upon the extent of the injuries sustained. For this purpose medical testimony was introduced to show the extent and character of the injuries and how the plaintiff was affected thereby. The defendant called a physician who had examined the plaintiff, and this witness testified in detail as to her condition. There was nothing in his testimony to indicate that he was unfair in his statements or biased in his professional judgment. His testimony was straightforward and no attempt was made to impeach his veracity. This was the situation at the close of the testimony when counsel proceeded to argue the case to the jury. In his argument counsel for plaintiffs severely criticised the testimony of the physician called by defendant, saying among other things, "Will you believe the testimony of the physician for the Transit Company, whose business it is to minimize injuries?" At this point counsel for defendant called the attention of the court to the remarks complained of and moved for the withdrawal of a juror, whereupon counsel for plaintiffs said: "I stand upon that." The motion was overruled and the case proceeded. This improper remark of counsel is made the subject of the first assignment of error. If standing alone we might hesitate to reverse on this ground, but taken in connection with other matters complained of, we feel it to be our duty to admonish counsel that remarks of this character in making appeals to juries are highly improper and counsel making them do so at their peril. In recent years we have had occasion in several cases to remind counsel of the impropriety of making such appeals to the prejudice and sympathy of the jury: Wagoner v. Hazle Township, 215

Pa. 219; Saxton v. Pittsburgh Railway Co., 219 Pa. 492. This rule will not be relaxed but will be enforced. As was said by the present Chief Justice in Saxton v. Railway Company, above cited: "If courts are to continue to be places where justice is judicially administered, causes must be fairly presented and fairly defended, and the duty of counsel in this regard is not less important nor less imperative than that of the judge." Remarks of counsel not warranted by the evidence are always improper, and especially so when the attempt is made to unfairly prejudice the minds of jurors.

The third and fourth assignments must be sustained. The questions can only be regarded as hypothetical and must of necessity be governed by the well defined rules applicable to questions of this character. In the present case counsel ignored the limitations of the rule in the examination of a witness called as an expert to express an opinion upon a state of facts developed at the trial. Nothing will be gained by a general discussion of this subject. For the purposes of the present case, we need only refer to Rouch v. Zehring, 59 Pa. 74, and Gilman v. Electric Railway Co., 224 Pa. 267, as a guide to all concerned when the case is again tried.

The first, third and fourth assignments of error are sustained.

Judgment reversed and a venire facias de novo awarded.