In the matter of JAMES M. SMITH and another, Insolvents.

January 20, 1886.

Depositions—Introduction by Opposite Party.—When the parties to a legal proceeding stipulate that depositions "may be taken, to be introduced in evidence * * * on behalf of" one of them, they may be introduced by the other, if the party in whose behalf they were taken fails to use them.

Same — Objections by Party taking the Deposition. — When a party thus uses a deposition taken on behalf of but not used by his opponent, he makes it his own, and, as respects matter of substance, such opponent has the same right of objection to interrogatories and answers as if the deposition had been taken on behalf of the party offering it.

The Capital Bank of St. Paul, a creditor of the insolvents in this matter, filed its petition in the district court for Ramsey county, alleging that Charles W. Kirtland, one of the insolvents, is a non-resident and has never transferred to the receiver herein any of his separate and individual estate; that at the instance and request and by the procurement of the insolvents, and especially of Kirtland, and by money furnished by him, one George S. Lord has purchased and

caused to be assigned to himself certain claims and pretended claims against the insolvents, aggregating $82,911, paying therefor no greater sum than $18,655; that Lord has no personal interest in the claims, but holds them merely as trustee and agent for the insolvents, and that the same have been audited and allowed as claims against the estate of the insolvents. The prayer of the petition is that no part of the proceeds of the estate be applied upon the claims so purchased and assigned.

Lord having duly answered this petition, the issues made were tried before *Brill*, J., and an order was made denying the petition, from which order the petitioner appeals.

*Warner, Stevens & Lawrence*, for appellant.

*H. B. Hurd* and *C. J. Thompson*, for respondent Lord.

BERRY, J.   Certainly the evidence received in this case is sufficient to sustain the conclusion arrived at by the learned trial judge; so that the only question which requires consideration at our hands is whether the depositions of Lord & Hammond were properly received. These depositions were taken under a stipulation between the parties who appeared on the order issued on the petitioner's (the Capital Bank's) motion, and on which the proceedings here involved were had. The stipulation provides that they "may be taken," at a place named, "to be introduced in evidence, upon the hearing upon said order, on behalf of said Capital Bank." At the taking of the depositions, the petitioner was represented by counsel, who interrogated the deponents upon direct and redirect examination; and the respondent, who may be regarded as the party adverse to the petitioner, also appeared by counsel, by whom the deponents were cross-examined. At the hearing upon the order, the petitioner failed to introduce the depositions. The respondent having offered them as a part of his case, they were received. The petitioner objected on the ground that under the stipulation they were to be introduced, if at all, "on behalf of the Capital Bank." Or, in other words, as we understand it, that they were the *petitioner's* depositions, and the respondent had no right to introduce them, either under the "contract" evidenced by the stipulation, or under the statute. We do not give any such effect to the stipulation. It means no more than that they

are taken at the bank's instance, and (what would be implied) that the bank's object in taking them is 'for use as evidence on the hearing mentioned. This does not have the effect to confine the use of them to the bank any more than it does to *compel* the bank to use them, whether it desires to do so or not. The adverse party (the respondent) is not cut off from any right which he may have to use them irrespective of the stipulation.

This brings us to inquire whether a party has a right to use depositions taken at the instance of the adverse party, in case the latter fails or declines to use them. Our statute with reference to the taking of depositions out of the state, as in this instance, provides, (Gen. St. 1878, c. 73, § 34,) that, when taken pursuant to the stipulation of the parties, "they may be used upon the trial with like force and effect, in all respects, as if taken upon" commission and written interrogatories; and, further, in section 38, that they "may be read in evidence at the trial of the action or proceeding." This language is *general*, viz., that the depositions "may be used upon the trial," "may be read in evidence," without any restriction of their use to the party at whose instance they are taken. The statute certainly leaves the right to use depositions open to all parties, if it does not go further; and, without reference to the statute, the prevailing rule— that sustained by the weight of authority (with some dissent)—is that a deposition, taken at the instance of one party and not used by him, may be introduced by the other party, at his option. *Adams* v. *Russell*, 85 Ill. 284; *O'Connor* v. *American I. M. Co.*, 56 Pa. St. 234; *Echols* v. *Stauntons*, 3 W. Va. 574; *Brandon* v. *Mullenix*, 11 Heisk. 446; *Juneau Bank* v. *McSpedon*, 15 Wis. 630; *Hazleton* v. *Union Bank*, 32 Wis. 34; *Hatch* v. *Brown*, 63 Me. 410; Weeks on Depositions, § 466, citing other cases. Such, also, we understand to be the rule acted upon in this state, not only from such inquiry as we have been able to make, but from the cases of *St. Anthony Falls W. P. Co.* v. *Eastman*, 20 Minn. 249, (277,) and *Lowry* v. *Harris*, 12 Minn. 166, (255.)

It is argued that the effect of this rule is to deprive the party at whose instance a deposition is taken of the right of cross-examination. This objection is well considered and answered in the Wiscon-

sin cases above cited; and whatever force there might be in it, under a practice of taking depositions upon interrogatories and cross-interrogatories, settled in advance by a court or judge, there would appear to be very much less, if any, under our practice, when the parties may put such questions as they please, either in writing or *viva voce*, as the case may be.

In our opinion, then, the petitioner's objection to the respondent's introduction of the depositions on the grounds mentioned was properly overruled. The further general objection to each of them as a whole, on the ground of immateriality and irrelevancy, was properly overruled as unfounded in fact.

With reference to the objections taken to particular questions and answers, we think the proper rule is that when a party uses a deposition taken, but not used, by his opponent, he makes it his own, and his opponent has the same right of objection to the interrogatories and answers, as respects matter of substance, as if the deposition had been taken by the party offering it in evidence; and he is not precluded from so objecting by the fact that the interrogatories objected to were propounded by himself. *Hatch* v. *Brown*, 63 Me. 410; *Jewell* v. *Center*, 25 Ala. 498. As respects matter of form, the statute cuts off any objection not interposed and noted at the taking of the deposition. Gen. St. 1878, c. 73, § 38. It follows that the petitioner was entitled to object to particular questions and answers in the depositions, as he was permitted to do by the trial court. But upon an examination of the record we find that some of the petitioner's objections were sustained, and as to those overruled we are satisfied that, while some may have been *technically* well founded, no substantial prejudice or injustice resulted to the petitioner. In our judgment, the learned trial judge was fully justified in his disposition of the case, and there is no good reason for supposing that another trial would change the result.

Order affirmed.