## CHARLES A. MAYNARD & another vs. CITY OF NORTHAMPTON.

Hampshire.    September 20, 1892. — October 20, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Eminent Domain — Taking by City — Measure of Damages — Evidence.*

Damages for the taking of land by a city for the laying of a sewer are not to be awarded in reference to the peculiar situation or circumstances or plans of the owner, or to the business in which he happens to be engaged ; but any and all of the uses to which the land considered as property may profitably be applied, whether contemplated by the owner or not, may well be taken into the account by the jury.

On the assessment of damages by a jury for the taking of land by a city for the laying of a sewer, there was evidence tending to show that the land was valuable as a site for an extension of the manufacturing building then used in connection with the water power belonging to the property. The respondent having examined a witness with a view to showing that building, from the character of the land, would be expensive, the petitioners were allowed to show that a building could be erected there without difficulty, and at a reasonable cost. *Held*, that

the question how far collateral inquiries of this kind should be permitted was one largely within the discretion of the presiding justice; and that the respondent had no ground of exception, especially as the jury were instructed that they were not to consider the uses of such a building in increasing the profits of the business in which the petitioners were then engaged.

PETITION to the Superior Court for a jury to assess the damages caused by the taking by the respondent city of land of the petitioners for the laying of a sewer, under the St. of 1888, c. 354, entitled " An Act to establish a board of sewer commissioners for the city of Northampton." At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the petitioners; and the respondent alleged exceptions. The facts appear in the opinion.

*W. G. Bassett*, (*R. W. Irwin* with him,) for the respondent.

*J. C. Hammond*, (*H. P. Field* with him,) for the petitioners.

KNOWLTON, J. The only exception in this case is to the admission in evidence of testimony of what would be the cost of a building such as the lot taken by the city for a sewer was adapted to receive. In determining the damages in cases of this kind the jury should consider not only the value of the property taken, but also the effect of the taking upon that which is left; and in estimating the value of that which is taken they may consider all the uses to which it might properly have been applied if it had not been taken. In like manner, the effect on that which is left should be estimated in reference to all the uses to which it was naturally adapted before the taking. Damages are not to be awarded in reference to the peculiar situation or circumstances or plans of the owner, or to the business in which he happens to be engaged; but any and all of the uses to which the land considered as property may profitably be applied, whether contemplated by the owner or not, may well be taken into the account by the jury. *Chase* v. *Worcester*, 108 Mass. 60. *Edmands* v. *Boston*, 108 Mass. 535. *Eastern Railroad* v. *Boston & Maine Railroad*, 111 Mass. 125, 132. *Drury* v. *Midland Railroad*, 127 Mass. 571, 582. *Providence & Worcester Railroad* v. *Worcester*, 155 Mass. 35.

In the present case there was evidence tending to show that the land taken was valuable as a site for an extension of the manufacturing building then used in connection with the water

power belonging to the property. This fact, if established, would be material and important. The respondent contended that the place was a steep hillside, composed of clay and quicksand, and examined a witness with a view to showing that building there would be very expensive. Under these circumstances the judge might properly, in his discretion, allow the petitioners to show that a building could be erected there without difficulty, and at a reasonable cost. How far collateral inquiries of this kind shall be permitted is a question largely within the discretion of the presiding justice. The question and answer were too general and indefinite to be of much assistance to the jury, and if there had been no instructions on the subject the jury might have supposed that they were to consider the uses of such a building in increasing the profits of the business in which the petitioner was then engaged. But full and careful instructions were given on this point, and there is no reason to believe that the jury were misled by the introduction of the evidence.*

*Exceptions overruled.*

---

* Among other instructions the judge charged the jury as follows :

" Now you see this principle which the court enunciates [referring to a decision of the Supreme Judicial Court] involves reference to the condition of the property ; its occupation at the time it was taken, and allows you to take into account the capabilities of the land as it was left for sale or valuable use, or for improvement, but it does not tie you up. It does not mean you should be tied up to any specific use which the landowner may make of it, because the theory of the law is, his use may not be a judicious use; it may not be such use as a wise, prudent, and discreet man would make of that property. So the question is not as to its effect necessarily upon his use. If he satisfies you that at the time when the land was taken the use he was making of it was a discreet, judicious, profitable, and proper use of the property, then it would be competent for you to consider any evidence tending to show its effect upon that use, and I suppose it would come under the principle of law as laid down. But you want to bear steadily in mind that it is the effect on the market value; its effect upon the property with reference to a judicious use and judicious improvement, and not any specific use which the landowner may make of it, or proposes to make, because that use may not be a wise use, may not be the best use; and the liability of the city is not to turn upon his peculiar plan, upon his special purpose, upon his particular want, but it is to be decided with reference to a judicious use and improvement of the property, all things considered."