## MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY v. JOSEPH FRIENDSHUH and Another.[1]

July 23, 1909.

Nos. 16,196—(64).

**Eminent Domain — Element of Damage.**

In proceedings under chapter 41, R. L. 1905, if the land without the proposed railroad is enhanced in value by reason of its peculiar location or availability, in whole or in part, for some particular purpose, the impairment of such value by the construction of the railroad is a proper element of damages.

**Same — Evidence.**

*Held*, the existence of a site for a basement barn within the right of way, and the fact that the farm was naturally adapted for truck gardening, and was most available and valuable if divided into small truck farms fronting on the highway, was all properly received in evidence as bearing upon the question of damages, and, as limited by the trial court, the evidence was not speculative.

Proceeding in the district court for Hennepin county to condemn a right of way over certain land in that county for an electric trac-

[1]Reported in 122 N. W. 451.

tion railway under the power of eminent domain. Commissioners appointed as provided by statute awarded $315 damages to the owners of the land. From this award the owners appealed to the district court. The case was tried before Dickinson, J., and a jury which rendered a verdict in favor of the owners assessing their damages at $635. From an order denying the company's motion for a new trial, it appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.

*Hall & Kolliner,* for respondents.

Lewis, J.

This is a proceeding under chapter 41 (sections 2520–2542) R. L. 1905, by appellant company, to condemn a right of way over respondents' premises. The property consisted of eighty acres facing on Lyndale avenue, about four and one half miles from the city of Minneapolis. Appellant's proposed railroad across the southeast corner cut off three and three fourths acres from the rest of the farm.

The question of damages being under consideration in the district court, respondents were permitted to show, over appellant's objection, that the only available building site for a basement barn was within the limits of the right of way, and that it was the intention of respondents to construct a barn on that site in the immediate future; that the work had not actually been commenced, but that they had consulted with carpenters, and had drawn plans and made estimates of the materials. Respondents were also permitted to show that the land was most desirable for truck gardening; that twenty to forty acres was as large a truck garden farm as any one individual could successfully handle; and the proper division of the eighty acres into tracts for truck gardening would be to divide it so that each division would front on the highway.

The owner was entitled to prove for what general purposes the premises were best adapted, and the availability of any part for any particular purpose. If, by reason of peculiar location or condition, the land, or any part of it, was enhanced in value, and such value was impaired by the construction of the road, then that fact had a direct bearing on the question of damages. This is the general rule, and, as

limited by the trial court, the evidence referred to did not include prejudicial elements of speculation.

These are the only questions necessary to refer to, and the order appealed from is affirmed.