## Ogden, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Condemnation proceedings—Land damages—Evidence.*

1. In a proceeding to assess damages for a strip of land two hundred feet in length by fifty feet in depth condemned for railroad purpose through a lot containing about one acre and one-half, the owner will not be permitted to show that prior to the appropriation he had con-

templated dividing the ground into building lots, and that he had actually leased or contracted to lease five of the lots, which leases had failed because of the condemnation of the land; nor will he be permitted to show the terms of such leases.

2. A plan or plot showing subdivisions into lots is sometimes admitted in condemnation proceedings for the purpose of showing the number of lots into which the whole tract can conveniently be subdivided; but there is no error in rejecting such a plan or plot where there is not a single feature portrayed on the plot that was not abundantly established by the evidence in the case.

Argued Oct. 5, 1910. Appeal, No. 157, Oct. T., 1910, by plaintiff, from judgment of C. P. Westmoreland Co., Feb. T., 1898, No. 864, on verdict for plaintiff in case of Denna C. Ogden v. The Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from award of viewers. Before McCONNELL, J.

At the trial the plaintiff was asked the following question:

"Q. Now, prior to the appropriation by the railroad company what use had you contemplated making of this ground in connection with other ground belonging to the same acre and a half? A. I had subdivided that end of the property into lots for the purpose of leasing and at the time of the appropriation five leases or contracts were already in existence."

Mr. Gaither: We object to the evidence of the witness as to leases. If the property was diminished in value by virtue of a lease on it the injury was done by another party.

Mr. Moorhead: We propose to prove not only that it was suited for that purpose, but to prove that fact—to clinch that fact—we will prove that it was leased, actually leased for the purpose of being used in connection with a little more to the rear of the lots for such purposes, and that leases had been made on the property, which leases, however, failed by reason of the fact of the appropriation, that is, there was nothing remained in the lessee

because of the appropriation—the appropriation swept it away. This is merely to show the value of the property at the time of the appropriation.

The Court: It is but proper to show that the land is valuable for any particular use, but to show that it was divided up by surveyor's lines and the uses made according to those lines is going beyond a showing of what the property is adapted to. The property as a whole is the only thing that we consider. If it is suited for leasing that fact can be shown, but the actual leasing would lead us into inquiries that are more likely to confuse than to enlighten the jury.

Mr. Moorhead: Counsel for the plaintiff proposes to prove by the witness, the plaintiff, himself, that at the time of the appropriation in this case, the ground appropriated, together with some ground immediately in the rear or south of it had been laid out in lots fronting towards the railroad, and that leases had actually been taken thereon at that time, and the terms of the leases, and those leases were annulled and became worthless, or were destroyed by reason of the appropriation by the railroad company of the ground mentioned in the pleadings. This is offered for the purpose of assisting the jury in passing upon the market value of the land at the time of the appropriation and to show the purpose for which it was available and desirable and that it was a good location, in connection with the other testimony in the case for business purposes.

Mr. Gaither: To which counsel for defendant admit that that portion thereof with respect to a showing by evidence as to the use to which the land in question may have been adapted at that time is competent, but as to that portion of the offer going to show some alleged individual contracts leasing portions thereof and the terms of such leases, the same is incompetent and irrelevant and calculated to lead the parties into a collateral issue, and is not the proper method to ascertain the difference in market value.

The Court: The distinction made in the objection to this offer is properly drawn. The proposition is to show the amount of rentals and the value of the leases. It is so stated in the argument. That leads us into an inquiry that is not admissible here. We have one subject-matter of injury, to wit, the property as a whole. Its availability and its adaptability for certain purposes or any other purpose or every purpose is a proper matter of consideration. But to go into the leasing of property, the value of those leases and dividing of the property up by lines that are not shown to have become a matter of public record, or shown to have been laid out and become in fact a plan of lots that the owner has not pledged himself to be bound by any proposed act is the kind of evidence that is not admissible here. The tendency of it is but to multiply the causes of injury about a thing that is a unit and must be considered from beginning to end to be a unit. There is no trouble about showing what the property is suitable for, but to divert the trial of the case into a trial of the character of the leases that were made upon it is to lead us away from the road we must travel. The objection is sustained and an exception noted. [1]

Mr. Moorhead: Counsel for the plaintiff now propose to prove by the witness that at and preceding the time of the appropriation by the railroad company of the land taken and described in the pleadings in this case, he had subdivided it into a plan of lots according to Exhibit No. 1, and that the property was taken in that condition —this offer being made for the purpose of showing the condition of the property at that time, and if admitted, to be followed by evidence of the value of the lots as thus divided, and for the further purpose of showing a capacity or capability of the land taken to be divided and used in the way shown in the map.

Mr. Whitten: To which counsel for defendant object as incompetent and irrelevant, and further for the reason that the plaintiff has already offered at will testimony

showing how his property could have been or could be advantageously divided up and how such division might be interfered with by the appropriation. The plaintiff being the owner of all the property in fee at the time of the appropriation, cannot in this manner by indirection offer evidence to inflate his damage so as to exceed that which would be recoverable for an injury to the property as a whole.

The Court: The proposition now made expressly states that the plan which was sought to be put in evidence was made prior to the appropriation made by the defendant company. The proposition is to show that he had divided the property and that it was in that condition at the time that it was taken. That is not a thing that can be shown by a paper. It amounts to no more than to say that in his mind he had divided it and made a picture on a paper of what was in his mind. That is not a division of the property. It does not show a division of the land as it proposed to show it, because it was not the land that was in that condition. There is no proposal to show that the land was in the condition except by means of this plan or draft. If the offer was merely for the purpose of showing the capacity and capability of the land for being divided up, that could be done now without connecting it with the other propositions which immediately precede this, and which propositions are to some extent, in thought at least, associated with this one. The objection is sustained. Exception noted and bill sealed. [2]

Mr. Moorhead: The counsel for the plaintiff, in addition to the foregoing offer, which is hereby renewed and made a part of this offer the same as if it were stated fully, propose to add thereto an offer to prove that the subdivision of the property as shown by the draft was not merely in the mind of the plaintiff, but that actually preceding the time of the appropriation leases had been made of portions of the property for a valuable consideration in strict accordance with the plan as shown by the map.

This for the purpose of showing the condition in which the property was at the time of the appropriation and to be proved under the allegation in the statement of claim, that such subdivision existed.

The Court: That does not alter the substance of the propositions heretofore made as we understand them. The case of Baltimore & Philadelphia R. R. Co. v. Springer, 13 Atl. Repr. 76, already referred to by the court, is applicable to the proposition that is now made, and the offer is rejected. Exception noted and bill sealed. [3]

Mr. Moorhead: We offer the Exhibit No. 1 in evidence for the purpose of showing the capacity and capability of the land which is the subject of this investigation, of division into lots such as are shown by the plan.

Mr. Whitten: Objected to as incompetent and irrelevant, the plaintiff having already offered at will all testimony desired showing how the land might be advantageously divided by any plan that might seem most favorable to him. This offer is an attempt to introduce testimony as to what the intention of the plaintiff was at a particular time, and is, therefore, irrelevant.

The Court: This offer relates to the same plan to which offers heretofore made in the presence and hearing of the jury relate, and the obvious purpose is to bring that same plan into evidence that was offered before. In a proposition to offer a plan not thus associated we would have a different question before us, but under the circumstances we will sustain the objection. Exception noted and bill sealed. [4]

Verdict and judgment for plaintiff for $2,300. Plaintiff appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions.

*James S. Moorhead,* with him *Robert W. Smith,* for appellant, cited: Wilson v. Equitable Gas Co., 152 Pa. 566; Phillips v. Incline Plane Co., 166 Pa. 21; Catlin v. Coal & Iron Co., 225 Pa. 262.

*Paul H. Gaither,* with him *Charles E. Whitten,* for appellee, cited: Penna. S. V. R. R. Co. v. Cleary, 125 Pa. 442; Gorgas v. R. R. Co., 215 Pa. 501.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:

Defendant company appropriated by condemnation proceedings a narrow strip of ground, 200 feet in length by fifty feet or more in depth, included within the limits of a lot of ground containing about an acre and a half belonging to the plaintiff. The proceeding was for the assessment of damages occasioned thereby. The error assigned is the rejection of certain evidence. The effort on part of plaintiff was to show that the land taken was adaptable to and available for building lots, a circumstance relied upon as showing enhanced market value. Evidence to show such fact was freely admitted; witnesses being allowed on the trial to express opinions as to the fact of availability for the purpose indicated, and, within proper limits, to state facts and circumstances on which their opinions rested. The plaintiff himself being on the stand, it was proposed to show by him that before the appropriation of the lot by the defendant company, he had it in contemplation to divide the ground into building lots; that he had actually leased or contracted to lease five of the lots exhibited on his draft, which leases had failed because of the appropriation by the defendant company. The purpose of the offer as stated was to assist the jury in passing on the market value at the time of the appropriation, and to show the purpose for which the land was available in view of its location, etc. These offers were rejected, and very properly. Whatever purpose the plaintiff had in connection with the future use of the ground, could add nothing to its market value. The fact that such purpose was defeated by the defendant's appropriation of the land, however much a disappointment, was not a matter for compensation. The fact that he had designed a plan of subdivision was in itself, no evidence of availability of the ground for building

lots, except as an expression of his individual opinion, and that he was permitted to express freely. Whether the fact that contracts had been entered into for the lease of five of the lots exhibited on the plot, would tend to show that the ground was adaptable for building lots, would depend very much on the terms and conditions of the lease and the purpose the lessee had in view; but these could not have been introduced into the case for several reasons, either of which would be controlling in itself. In the first place, it is never permitted to introduce evidence of individual sales to prove the market value of the particular land as to which the inquiry is made; much less is it permissible to show what rent the property has yielded as a basis of estimation; and in the second place, the evidence proposed would necessarily lead to collateral inquiries not pertinent to the issue in the case. The offer was to show the terms of the leases. Whether the purpose was or was not to get before the jury the consideration to be paid, with a view to fixing the market value of the lots, it would have necessarily so resulted. This is never allowed. As well permit the owner to testify to private bids which he had received for his property as evidence of its market value. Under our decisions a plan or plot showing subdivisions into lots is sometimes admitted for the purpose of showing the number of lots into which the whole tract can conveniently be subdivided; and we cannot say that it would have been error to admit the plot offered by the plaintiff in this case. But it is too evident to admit of doubt that the plaintiff was not injured in the slightest by its rejection. The entire lot is in the shape of a parallellogram and its dimensions were in evidence; the jury had been upon the ground and saw the topography; it was shown that it could easily and conveniently be subdivided into ten lots each with a front of twenty feet. There was not a single feature portrayed on the plot that was not abundantly established by the evidence. The plot could have added nothing to the plaintiff's case that would have

been proper for the jury to consider. It is impossible to see how prejudice could have resulted to the plaintiff from its rejection.

The assignments of error are overruled and the judgment is affirmed.