HOLYHOOD CEMETERY ASSOCIATION *vs.* INHABITANTS OF BROOKLINE.

Norfolk.   March 27, 1913. — June 17, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Damages,* For property taken or injured under statutory authority.   *Cemetery.* *Practice, Civil,* Argument before full court.

At the trial of a petition by a cemetery corporation against a town for the assessment of damages for the taking of an easement in a strip of land of the petitioner for the purpose of constructing and maintaining a sewer therein, it is proper for the presiding judge to instruct the jury, that in determining the value of the property taken they may consider all the uses to which it properly might have been applied if it had not been taken, and that they may take into consideration the adaptability of the land for cemetery purposes.

At the argument before this court of the question of law, whether the instructions of a trial judge to a jury, upon the assessment of damages for the taking of an easement in a strip of land of a petitioner for the purpose of constructing and maintaining a sewer, were correct, it is not open to the respondent to argue that the amount of damages found by the jury was excessive, that having no bearing upon the question before this court, although it might properly have been addressed to the trial judge in support of a motion for a new trial.

PETITION, filed in the Superior Court on November 4, 1909, by a cemetery corporation for the assessment by a jury of damages for the taking by the town of Brookline of an easement in a strip of land twenty-five feet wide, extending across the petitioner's cemetery and containing twenty-two thousand three hundred

square feet, for the purpose of constructing and maintaining a sewer in the land.

The case was tried before *Brown*, J.   The judge gave the instructions and made the ruling which are quoted in the opinion. He then submitted to the jury the following questions, to which the jury gave the answers which are printed after the respective questions:

1. "What was the market value of the easement for the sewer taken in the strip of land in question, having reference to all purposes or uses to which the land was adapted including its adaptability for cemetery purposes?"   The jury answered, "$3,857.35."

2. "What was its market value disregarding the adaptability of the land for cemetery purposes?"   The jury answered, "$529.37."

3. "What damage, if any, was done to the remaining land of the petitioner?"   The jury answered, "None."

The judge reported the case for determination by this court. If the instructions and ruling were correct, judgment was to be entered for the petitioner for $3,857.35; if they were not correct, judgment was to be entered for $529.37.

*M. J. Sughrue & James J. McCarthy*, for the petitioner, were not called upon.

*F. H. Williams*, for the respondent.

DE COURCY, J.   This is a petition to recover damages for the taking of an easement in a strip of land for the purpose of constructing and maintaining a sewer therein.   The only question raised by the report relates to a ruling and certain instructions on the subject of damages given by the trial judge.

The judge instructed the jury among other things as follows: "The sum to be awarded where real estate is taken is the fair market value of the property having reference to all the uses for which it is adapted.   Its value for any special purpose is not the test although it may be considered with a view of ascertaining what the property is worth in the market for any use for which it will bring the most.

"In determining damages in a case of this kind, the jury should consider not only the value of the property taken but also the effect of the taking upon that which is left; and in estimating the value of that which is taken, they may consider all the uses to which it might properly have been applied if it had not been taken.

Damages are not to be awarded with reference to the peculiar situation or circumstances or plans of the owner or to the business in which he happens to be engaged, but any and all the uses to which that land considered as property, may profitably be applied, whether contemplated by the owner or not, may well be taken into account by the jury."

The judge also ruled that the jury, in determining the value of the easement, might "take into consideration the adaptability of the land for cemetery purposes."

The ruling and instructions were correct and in accordance with well established principles as set forth by this court. *Conness* v. *Commonwealth,* 184 Mass. 541, 542. *Maynard* v. *Northampton,* 157 Mass. 218, 219. *Smith* v. *Commonwealth,* 210 Mass. 259.

The respondent's argument that the amount found by the jury was excessive might properly have been addressed to the trial judge on a motion for a new trial, but is not pertinent to the question before us.

In accordance with the report, judgment is to be entered for the petitioner for $3,857.35.

*So ordered.*