Wissinger *v.* Valley Smokeless Coal Co., Appellant.

*Evidence — Witnesses — Land damages — Experts—Opinions — Cross-examination—Surface support—Hypothetical question.*

1. Where witnesses as to land damages, in a surface support case, testify that they are residents of the neighborhood, have known the property for many years, are familiar with its location and extent, together with the nature and condition of the improvements thereto, and with the market value of land in the vicinity and the prices at which similar properties were sold or held for sale, they may express an opinion as to the value of the property, although they are not real estate dealers, and make no pretense to be experts.

2. Where a witness has given an estimate as to the value of the land involved in the suit, based upon improvements, and on the uses to which it might be put "as well as other land in the vicinity" but without particularly specifying any particular land, he cannot on cross-examination be questioned as to his knowledge of a sale of a particular farm in the neighborhood not mentioned in the examination in chief.

3. Where facts are admitted or proven by evidence which is not conflicting, an expert may give his opinion founded on that testimony; but where there is a conflict he must base his opinion on facts within his knowledge, or on an assumed state of facts or on the testimony given on behalf of one of the parties and made known to him, and which, for the purpose of his opinion, he assumes to be true.

4. To permit an expert to base his opinion on contradictory evidence, or on the whole case as adduced by both plaintiff and defendant, would permit him to usurp the functions of the jury, and determine the case on its facts.

Argued September 27, 1921. Appeal, No. 143, Oct. T., 1921, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1918, No. 189, on verdict for plaintiff, in case of Wissinger v. Valley Smokeless Coal Company Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for damages to land. Before STEPHENS, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,000. Defendant appealed.

*Errors assigned* were various rulings on evidence sufficiently appearing by the opinion of the Supreme Court, quoting record.

*Charles S. Evans,* with him *Edward Hopkinson, Jr.,* for appellant.—It was error to refuse to allow defendant to cross-examine plaintiff as to his knowledge of the sale of the Risch farm: Tiffany v. R. R. Co., 262 Pa. 300; Henkel v. R. R., 213 Pa. 485; Brown v. Scranton, 231 Pa. 593; Rea v. R. R., 229 Pa. 106; Girard Trust Co. v. Phila., 248 Pa. 179; Llewellyn v. Coal Co., 255 Pa. 291.

When an expert witness on land values has testified that the land in question has been depreciated in value, he may be asked in what sum of money it has been so depreciated, and he may state the amount: Beck v. R. R., 148 Pa. 271; White Deer Creek Imp. Co. v. Sassaman, 67 Pa. 415; Dawson v. Pittsburgh, 159 Pa. 317; Wanamaker v. Phila., 249 Pa. 492.

*George E. Wolfe,* with him *A. Lloyd Adams,* for appellee, cited: Parry v. R. R., 247 Pa. 169; Penna. Co. for Ins. on Lives, etc., v. Phila., 268 Pa. 559; Yardley v.

Cuthbertson, 108 Pa. 395; Gillman v. Ry., 224 Pa. 267; Becker v. Transit Co., 245 Pa. 462; Howarth v. Express Co., 269 Pa. 280.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:

Plaintiff sued to recover damages for injury to real estate in Stonycreek Township, Cambria County, resulting from failure of defendant, who owned and removed the underlying coal, to leave sufficient surface support. The trial resulted in a verdict and judgment for plaintiff and defendant appealed. The questions raised by the assignments of error relate to the qualification of witnesses and to alleged errors in exclusion of testimony.

The first four assignments allege error in admitting testimony of four of plaintiff's witnesses and aver these witnesses failed to meet the required qualifications for testifying to market value of plaintiff's farm before and after the damages were sustained. Plaintiff's land was used for farming and dairying purposes. The witnesses in question resided in the neighborhood and testified to having known the property for periods of from thirty to forty years. They testified to being familiar with the location and extent of the farm, the nature and condition of the improvements and with the market value of land in the vicinity and the prices at which similar properties sold or were held for sale. While these witnesses were not in the real estate business and did not pretend to be experts, occupation or business of this character was not necessary to qualify them to give an opinion as to the value of the property. The requirement to render a witness competent in actions of this character is that he should have such reasonable knowledge of values as could be expected, in view of the circumstances of the particular case. In sparsely settled neighborhoods where sales are few, a witness should not be required to have as full knowledge of sales as in other localities where frequent transfers are made. To require the same standard of qualifications in each case might result at

times in excluding all evidence of value: White v. Western Allegheny R. R., 222 Pa. 534. Although several witnesses here may not have shówn as extended opportunities to form opinions as to values as other witnesses engaged in the business of dealing in real estate, this affected only their credibility and the weight of their testimony and not its competency.

The fifth assignment refers to the refusal of the court below to permit defendant to cross-examine plaintiff, who testified in his own behalf on the question of damages, as to his knowledge of the sale of land known as the Risch farm. The witness had given his estimate of the value of his farm before and after the injuries complained of. He was then asked by defendant's counsel, on cross-examination, whether he was "familiar with the sale of the Risch farm lying directly across the Stonycreek from [his] property, containing 120 acres, sold in fee in 1916 for the price of $7,000." Objection to this question was sustained by the court. Defendant contends it was proper on cross-examination to interrogate the witness in regard to the specific price of properties other than those on which he relied in his direct examination and, in support of this contention, cites Llewellyn v. Sunnyside Coal Co., 255 Pa. 291, where it was said (page 296): "The rule as established by our cases is that, while a party cannot bring out on cross-examination evidence of the price paid for other property unless the witness has already testified that his opinion is based on his knowledge of the sales of such property, yet, if he has so testified, he may be cross-examined as to the prices, for the purpose of testing his good faith and credibility." This rule is based on the assumption, first, that the witness testified in his direct examination to having based his opinion on knowledge of the sales of such other particular properties and, second, that they are in the same neighborhood and similarly situated: Penna. Co. for Insurances on Lives, etc., v. Phila., 268 Pa. 559, 562. These elements do not appear in the pres-

ent case. The witness in his direct examination was not asked about the Risch farm, nor did he indicate that he possessed information of this particular sale, nor that he had considered it in forming his opinions as to the value of the land in question. True, the witness gave his opinion of the value based on a question which included within its scope the improvements on plaintiff's farm, the uses to which the land might be put "as well as other farm land in the vicinity." This in itself, however, was not sufficient to warrant the conclusion that "other farm land in the vicinity" included the Risch farm, especially as the witness had specified particular properties in the neighborhood without including that farm. There being nothing on the record to show that the property in question was situated similarly to plaintiff's farm, or that plaintiff was aware of the price at which it sold, and had considered that price in fixing his opinion of value, the rejection of the evidence is not ground for reversal.

The sixth assignment alleges the trial judge erred in striking out the testimony of an expert witness called by defendant. The witness in question was a real estate broker residing in the City of Johnstown, unfamiliar with the property in question at the time the damage was sustained and had merely visited the farm a short time previous to the trial. The trial judge ruled the witness to be competent and he was then asked what, in his opinion, was the amount of damages suffered by plaintiff as a result of the injury to the land. Before being cross-examined as to his qualifications, he was asked whether he had heard the testimony of witnesses as to the condition of plaintiff's farm, previous to the acts complained of and whether he would "consider the items testified to in this case along with [his] experience in the real estate business," in fixing his opinion as to the extent of the depreciation, to which he answered in the affirmative. Assuming he was properly qualified as an expert, his opinion, based on the testimony of other witnesses, would, under the circumstances of this

case, be inadmissible. Where facts are admitted or proven by evidence which is not conflicting, an expert may give his opinion founded on that testimony (Gillman v. Ry., 224 Pa. 267), but, where there is a conflict, he must base his opinion on facts within his knowledge or on an assumed state of facts or on the testimony given in behalf of one of the parties and made known to him and which, for the purpose of his opinion, he assumes to be true: Gillman v. Ry., supra; McDyer v. Rys. Co., 227 Pa. 641. To permit him to base his opinion on contradictory evidence, or on the whole case as adduced by both plaintiff and defendant, would permit him to usurp the functions of the jury and determine the case on its facts.

The assignments of error are overruled and the judgment is affirmed.