IN RE CONDEMNATION PROCEEDINGS BY BOARD OF
EDUCATION OF THE CITY OF MINNEAPOLIS.
THE BOARD OF EDUCATION v. HEYWOOD
MANUFACTURING COMPANY.[1]

February 9, 1923.

No. 23,183.

**Owner not allowed compensation for proposed use of land when part only is condemned.**

1. All the uses to which land may be properly adapted should be taken into account in determining the compensation the owner should receive when a portion of his land is taken as a result of condemnation proceedings, but not the peculiar situation, circumstances or plans of the owner or the business in which he happens to be engaged.

**Objections to reading testimony taken by deposition.**

2. The cross-examination of a witness whose testimony was taken by deposition may be read at the trial by the party by whom the witness was called. When so read, his opponent is not precluded from objecting by the fact that the interrogatories to which he objects were propounded by himself.

**Practice of real estate board in valuation of land not admissible.**

3. The existence of a rule or practice followed by a real estate board in valuing property, is not admissible in evidence as bearing on the value of the property.

**When proof of prices paid for neighboring property is admissible.**

4. To establish its value, proof of the prices paid on recent sales of other nearby property should not be admitted as substantive independent proof of the value of the property in question, unless perhaps in exceptional cases where no other evidence of value can be had.

**Verdict as to value sustained.**

5. Evidence considered and *held* sufficient to support the verdict of the jury awarding compensation in a condemnation proceeding.

[1]Reported in 192 N. W. 102.

The Board of Education of the city of Minneapolis petitioned the district court for Hennepin county for an order determining that the proposed taking of certain lands by the board was necessary and for the appointment of commissioners to appraise the value thereof. From the report and award of the commissioners, the Board of Education appealed to the district court for Hennepin county, where the appeal was heard by Molyneaux, J., and a jury which assessed $28,500 damages for the taking of the property. From an order denying its motion to set aside the verdict and grant a new trial, Heywood Manufacturing Company appealed. Affirmed.

*Koon, Whelan & Hempstead,* for appellant.

*Neil M. Cronin* and *R. S. Wiggin,* for respondent.

LEES, C.

This is a condemnation proceeding by the board of education of the city of Minneapolis to acquire title to property owned by appellant. The commissioners awarded appellant $40,000, and the board of education appealed to the district court. The jury reduced the award to $28,675. A motion for a new trial was denied and this appeal followed.

Appellant is a manufacturer of paper boxes and other paper products and is also engaged in a general printing business. It conducts its business in three different plants in the city of Minneapolis. In the year 1909 it purchased a portion of block 16 in Bradford & Lewis' Addition to Minneapolis. The property is intersected by a 20-foot alley, by which it is divided into two parts of equal area, one fronting on Third Street North and the other on Fourth Street North. Railway tracks extend through the alley. They were laid after appellant purchased the property. The board of education seeks to acquire that portion of the property which lies between Third street and the alley. As we understand the record, the property is vacant and unoccupied.

John A. Heinrich, one of appellant's officers, was a witness in its behalf. He was asked a series of questions relative to appellant's plans for the future use of the property. Objections to all such

questions were sustained and these rulings are challenged by the assignments of error.

It is well settled that in ascertaining the value of property to be acquired by condemnation proceedings, it is proper to inquire what the property is worth in the market, not merely with reference to the owner's present use of it, but with reference to all uses to which it is plainly adapted, having regard to the existing business or wants of the community or such as might reasonably be expected in the immediate future. I Dunnell, Minn. Dig. § 3050. The purpose of the questions to which objections were sustained was to elicit testimony showing that in developing its business appellant had planned to make a particular use of the property and would be unable to carry out its plans if a portion of the property was taken. It is generally held that the measure of compensation is not the value of the property to any particular person, but its market value at the time of the taking, and that it is not competent to show that the owner intended to put the property to a particular use, or what plans for its improvement he had in mind. A terse statement of the rule is that nothing can be allowed for damages to an intended use. 2 Lewis, Em. Dom. § 709.

The rule is well stated in Maynard v. City of Northampton, 157 Mass. 218, 31 N. E. 1062, as follows:

"In determining the damages * * * the jury should consider not only the value of the property taken, but also the effect of the taking upon that which is left; and in estimating the value of that which is taken they may consider all the uses to which it might properly have been applied if it had not been taken. * * * Damages are not to be awarded in reference to the peculiar situation or circumstances or plans of the owner, or to the business in which he happens to be engaged; but any and all of the uses to which the land considered as property may profitably be applied, whether contemplated by the owner or not, may well be taken into the account by the jury."

It was followed in Sanitary District v. Chicago & A. Ry. Co. 267 Ill. 252, 108 N. E. 312; Goodwine v. Evans, 134 Ind. 262, 33 N. E.

1031; Ogden v. Pennsylvania Ry. Co. 229 Pa. 378, 78 Atl. 929; Wadsworth Land Co. v. Piedmont Traction Co. 162 N. C. 503, 78 S. E. 299; Seattle Ry. Co. v. Land, 81 Wash. 206, 142 Pac. 680; Five Tracts of Land in Cumberland Tp. v. United States, 101 Fed. 661, 41 C. C. A. 580.

In Farmer v. Stillwater Water Co. 99 Minn. 119, 122, 108 N. W. 824, this was said:

"We may also add that it was error to permit plaintiff to prove that he had planned or arranged to utilize his property for the purpose of supplying the citizens of Stillwater with water. The availability of the property for that purpose was proper to be shown, but plaintiff's plans in that direction should have been excluded."

That was an action for damages for the unlawful diversion of the sources of a spring of water located upon plaintiff's premises, but we see no reason why the statement is not equally applicable to a condemnation proceeding.

The rule above stated is not followed in Wisconsin. Jeffery v. Osborne, 145 Wis. 351, 129 N. W. 931. Citing Minneapolis, St. P. R. & D. Elec. T. Co. v. Friendshuh, 108 Minn 492, 122 N. W. 451, counsel for appellant assert that it has not been followed in this state. Such is not our understanding of the case cited. There, the owner of a farm was about to erect a barn on the only available site he had on the farm. The railroad company proposed to take it for right of way purposes. Manifestly the market value of the farm would be impaired if the site was so taken. It was on this theory that proof of these facts was received, the court remarking that the evidence did not include prejudicial elements of speculation.

We approve of the rule stated in Maynard v. City of Northampton, supra, and hold that the objections to the questions under consideration were properly sustained.

2. Mr. Heinrich gave his testimony by deposition, pursuant to a stipulation that objections to the competency, relevancy and materiality thereof might be made at the trial. When appellant attempted to read a portion of the testimony given on cross-examination, respondent objected on the ground that it was incompetent

and immaterial. The objection was sustained. Appellant insists that this was prejudicial error. It contends that a party who cross-examines a witness whose deposition is taken, may not thereafter object to the introduction in evidence of the answers given by the witness on his cross-examination. Such is not the rule in this state. It was held in In re Smith, 34 Minn. 436, 26 N. W. 234, that a deposition taken by one party and not used by him may be introduced by the other party at his option, but when he introduces it he makes it his own and his opponent has the same right of objection as if the deposition had been taken by the party offering it, and is not precluded from so objecting by the fact that the interrogatories objected to were propounded by himself.

3. Appellant complains because it was not permitted to prove a rule or custom of the Minneapolis Real Estate Board with reference to an allowance for "plottage" where the value of a parcel of land of the size of appellant's was to be determined. Appellant was permitted to show by one of its witnesses that, owing to its size and location, the property had a "plottage" value and what that value was. We think it had no right to go farther and that the existence of a rule or practice of the real estate board was of no consequence and could not be considered in determining the value of the property.

4. Appellant earnestly insists that the verdict was against the weight of evidence and should have been set aside for that reason. In denying the motion, the trial judge said, in a memorandum not made part of the order, that he would have placed a higher valuation on the property, but was not clearly of the opinion that the jury was not right, or that it was so far wrong as to shock the conscience of the court or lead to a clear opinion that an injustice had been done. Appellant points to this expression as convincing proof that the court proceeded on the erroneous theory that a verdict should not be set aside unless it shocked the conscience of the court. We cannot believe that this is what the court had in mind. The rules by which a trial judge should be guided in determining whether a verdict is supported by the evidence are so well known that it cannot be supposed they were not observed by the learned and experienced district judge before whom the case was tried.

Our examination of the record has satisfied us that there was sufficient evidence to support the verdict. In reaching this conclusion, we have not overlooked the fact that the portion of appellant's property which was taken was more valuable than the portion left, or the rule that in such a case as this the measure of compensation is the difference between the market value of the entire parcel immediately before the taking and the market value of what was left after the taking. 1 Dunnell, Minn. Dig. § 3052. The witnesses were all of the opinion that the value of the portion taken was from 55 to 70 per cent of the value of the whole. Appellant showed that its total investment, including interest on the purchase price to the date of the taking and taxes paid, amounted to $48,000. It was shown by cross-examination of Mr. Heinrich that in the year 1919 appellant gave a real estate broker an option for the purchase of the property on the basis of $350 a front foot. There was some question as to what the witness meant by a front foot. A careful reading of his testimony indicates that he meant the frontage of 135 feet on Third street of the entire body of land. On this basis, the value appellant then placed upon its property was $47,250. The verdict was approximately 60 per cent of either this sum or of the amount appellant had invested. The opinions of appellant's witnesses varied as to the value of the land taken and ranged from $37,-125 to $40,500. Two witnesses for respondent valued the land at $27,000, and one at $28,375. In the cross-examination of appellant's witnesses, they were asked about the prices paid at recent sales of other nearby property. It appeared that such prices were as low as $144 and no higher than $189 a front foot. Respondent's witnesses were questioned about such sales in their direct examination, and appellant made no objection.

There is a great divergence of opinion as to the admissibility of evidence of this sort as substantive independent proof of value. 1 Wigmore, Ev. § 463; note to Hubbell v. Des Moines, Ann. Cas. 1916E, 598; 14 Col. Law Rev. 171. This court held in an early condemnation proceeding that only in exceptional cases where no other evidence could be had should a court permit the introduction of evidence of prices for which other property was sold as substantive

proof of the value of the property to be taken. Stinson v. Chicago, St. P. & M. Ry. Co. 27 Minn. 284, 6 N. W. 784. But, since no objection was made when respondent offered such evidence as part of its case in chief, and since the rest of it came in by way of cross-examination of appellant's witnesses, it was properly before the jury for their consideration. Lindquist v. Dickson, 98 Minn. 369, 107 N. W. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024; Hanson v. Marion, 128 Minn. 468, 151 N. W. 195.

In view of these facts and circumstances, although the verdict is very much less than the amount awarded by the commissioners, it cannot be said that it is unsupported by the evidence or that, in the exercise of judicial discretion, the court was required to grant a new trial.

Affirmed.