Chiorazzi, Appellant, *v.* Commonwealth.

Argued June 4, 1963. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William W. Litke,* with him *Fleming & Litke,* for appellant.

*Michael R. Deckman,* Assistant Attorney General, with him *John R. Rezzolla, Jr.,* Chief Counsel, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 2, 1963:

The plaintiff-appellant was awarded $32,600 by a jury for taking the major part of his land, 68,660 square feet, (less than two acres) in State College Borough, Centre County, Pennsylvania, by the State Highway Department for a clover-leaf intersection in the highway. $4,600 was awarded for detention damages and $28,000 for actual damages. Plaintiff filed a motion for a new trial, which was denied by the Court.

The errors alleged are: (1) The trial Judge erred in excluding the testimony of appellant as to a con-

templated apartment house project. (2) The trial Judge erred in disallowing the cross-examination of the Commonwealth's witness, Frank Hench, regarding the appraised value of the Erb property which was adjacent to appellant's property. (3) The verdict was inadequate because of the difference between the viewers' award and the jury's verdict.

We shall dispose of appellant's contentions seriatim.

The contention that plaintiff should have been allowed to testify to his idea or concept of a future sixty-six apartment development is without merit, especially when no formal offer of proof was made. It is merely "speculation" which the law does not allow: *E. M. Kerstetter, Inc. v. Commonwealth,* 404 Pa. 168, 171, 171 A. 2d 163; *Ogden v. Pennsylvania R. R. Co.,* 229 Pa. 378, 384, 385, 78 A. 929.

Appellant's contention that he should have been able to cross-examine the Commonwealth's witness as to his appraisal of an adjacent property is equally without merit. *Baker v. Department of Highways,* 401 Pa. 512, 515, 516, 165 A. 2d 243; *Spiwak v. Allegheny County,* 366 Pa. 145, 147, 77 A. 2d 97. The question which was asked was: "What was your *appraisal* of the Erb property?" This was objected to by defense counsel, on the grounds that it was an entirely different property, probably had different buildings, and was in a different location. Furthermore, the witness's appraisal, as distinguished from market value or sale price, is not the test. More importantly, the trial Judge properly excluded this property valuation because it would raise collateral issues, and would not tend to impeach the credibility or good faith of the witness: *Berkley v. Jeannette,* 373 Pa. 376, 382-383, 96 A. 2d 118; *Pittsburgh T. W. & T. Co. v. Pittsburgh,* 330 Pa. 72, 76, 77, 198 A. 632; *Wissinger v. Valley Smokeless Coal Co.,* 271 Pa. 566, 568, 115 A. 880;

*Pennsylvania Company v. Philadelphia,* 268 Pa. 559, 112 A. 76. With this ruling we agree; but even if we did not, a limitation of cross-examination touching such collateral matters is within the sound discretion of the trial Judge: *Berkley v. Jeannette,* 373 Pa., supra; *Pennsylvania Company v. Philadelphia,* 268 Pa., supra.

The third reason, the inadequacy of the verdict, is likewise without merit. The basis of this contention is that the board of view awarded plaintiff a verdict of $56,000, whereas the jury awarded only one-half of that sum, namely $28,000. Witnesses for the Commonwealth valued the property at from $20,000 to $28,000; appellant's witnesses' valuations ranged from $66,000 to $70,000. The award of the board of view is an important circumstance or factor to be considered when a new trial is requested either for inadequacy or excessiveness of the jury's verdict, but it is not controlling: *Frontage, Inc. v. Allegheny County,* 408 Pa. 165, 182 A. 2d 519; *Vaughan v. Commonwealth,* 407 Pa. 189, 180 A. 2d 12; *Schuster v. Pennsylvania Turnpike Commission,* 395 Pa. 441, 149 A. 2d 447; *Mazur v. Commonwealth,* 390 Pa. 148, 134 A. 2d 669. The discrepancy between the valuations of the various experts who testified was a question for the jury to resolve, and we find no abuse of discretion in the refusal of a new trial.

Judgment affirmed.