# In re Ira F. Mansfield, Receiver.

*Auditors—Compensation—Day's work—Act of June 4, 1879, P. L. 84.*
While the appellate courts will not reverse the action of the lower
court in the matter of the compensation of auditors unless error clearly
appears, yet they are bound to do so in obedience to the statute, where
the allowance cannot be sustained unless it be presumed from an in-
spection of the report that the auditor was necessarily engaged a cer-
tain number of days in the performance of his duties, and such pre-
sumption would be beyond the bounds of reason.

An allowance of $500 to an auditor will be reversed where it ap-
pears that only six meetings were held, that seventy-three pages of
typewritten testimony were taken, and all apparently at one meeting,
that no difficult legal question or computation was required, and that

there was nothing to show how long it took the auditor to prepare his report.   In such a case the record will be remitted to the court below to ascertain and fix the fee at the rate of $10.00 per day for each day, that the auditor was necessarily engaged in the performance of his duties, unless special cause be shown to the satisfaction of the court for allowance of a higher rate of compensation, not exceeding $15.00 per day.

Argued May 14, 1907.   Appeal, No. 187, April T., 1907, by Mary F. Huth, from order of C. P. Beaver Co., Dec. T., 1906, No. 1, allowing auditor's fee, In re Distribution of the Balance shown by the First Partial Account of Ira F. Mansfield, Receiver of the Point Bottle Works Company.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Exceptions to auditor's report.

From the record it appeared that Mary F. Huth excepted to the allowance of $500 to the auditor as excessive.   HOLT, P. J., dismissed the exceptions.

*Error assigned* was in dismissing the exception.

*Edwin S. Weyand*, of *Weyand & Moorhead*, for appellant, cited: Stockdale v. Maginn, 207 Pa. 226.

*Frank E. Reader*, with him *Harry Calhoon*, for appellee, cited : McCann's App., 6 Sadler, 15 ; Lazarus' Est., 6 Kulp, 53.

OPINION BY RICE, P. J., October 7, 1907 :

The only question raised upon the argument of this appeal is as to the allowance of a fee of $500 to an auditor appointed to make distribution of the balance ($15,810.79) in the hands of a receiver as shown by his first partial account.   It is not disputed that the decision of the question is controlled by the Act of June 4, 1879, P. L. 84, which provides that the compensation of auditors " shall not exceed ten dollars for each day necessarily engaged in the case, unless the court for special cause shown allow a higher rate of compensation not exceeding fifteen dollars per day."   There is a dispute as to the number of meet-

ings held by the auditor for the purpose of taking testimony and hearing arguments, but, at the outside, it did not exceed six, and some of them were very brief. The oral testimony was taken by a stenographer, who was paid out of the fund for distribution. It relates to a single claim of less than $1,000, it covers seventy-three typewritten pages and, judging from the stenographer's transcript, was all taken at one of the meetings. The legal questions arising upon the audit and upon the application for an issue, concerning which application the auditor made an "interlocutory" report, were not complicated nor difficult, and no difficult computation was required in the making of the report. If no "special cause" be shown—and as the case is now presented we are constrained to say that we see none—an allowance in excess of $10.00 for each day that the auditor was necessarily engaged in hearing testimony and arguments, in making the examination necessary to a determination of the questions of fact and of law, and in preparing his report, would be unwarranted. If $10.00 be allowed for each hearing and for the preparation and filing of the interlocutory report, there is left as compensation for the preparation of the principal report the sum of $430. To sustain this charge, if regard be had to the statute, it is necessary to presume that the auditor was engaged forty-three days in the performance of that part of his duties. We say it must be presumed, because neither in the report, nor in the auditor's remarks overruling the exception to the compensation claimed in the report, nor in the opinion filed by the learned judge, is it asserted directly or inferentially that the auditor was engaged that number of days. On the contrary, he puts his claim to the fee upon an entirely different ground. He says: "In view of the testimony taken (seventy-three pages typewriting) and considered, the question raised and decided, the amount of money distributed, et cetera, the auditor feels that Five Hundred Dollars is not an excessive or unconscionable charge, but on the other hand reasonable, if not wholly inadequate for the services rendered, especially, considering fees allowed in other audits."

And the court says : " The amount of the auditor's fee upon first view seems to be large, but upon consideration of all the work done in the case, as shown by the testimony, the report and other papers in the case, and in view of the further fact

that the auditor who did the work was in a better position to judge of the value of his services than the court, we do not feel disposed to reduce the amount of the fee charged by him." It is thus seen that both auditor and court placed the allowance of the fee upon a ground which the statute does not recognize as the basis of compensation. While the appellate courts will not reverse the action of lower courts in the matter of the compensation of auditors unless error clearly appears, yet they are bound to do so in obedience to the statute, where the allowance cannot be sustained unless it be presumed from an inspection of the report that the auditor was necessarily engaged a certain number of days in the performance of his duties, and such presumption would be beyond the bounds of reason.

The decree so far as it relates to the fee of the auditor is reversed and the record is remitted to the court below to ascertain and fix the fee at the rate of $10.00 for each day that he was necessarily engaged in the performance of his duties, unless special cause be shown to the satisfaction of the court for the allowance of a higher rate of compensation, not exceeding $15.00 per day, and to make pro rata distribution among the unsecured creditors of the balance of the $500 remaining after the allowance of such fee. It is further ordered and decreed that the costs of this appeal be paid by the appellee.