# Hoy's Estate.

*Decedents' estates — Services rendered deceased — Medical attendance.*

In a proceeding before an auditor, to determine the amount due a physician for services rendered the deceased in her last illness, the claimant is incompetent to testify as to matters occurring in the lifetime of the decedent.

Where expert witnesses have been called to estimate the value of such services, the only proper way to proceed is to state the facts

that appeared in the testimony in the form of a hypothetical question, and this being answered, the auditor and the court could determine what the foundation of the estimate was. The conclusion of the experts should clearly appear to be founded upon the competent testimony introduced.

*Auditor—Compensation—Act of June 4, 1879, P. L. 84.*

While the appellate courts will not reverse the action of the lower courts in the matters of the compensation of auditors unless error clearly appears, yet they are bound to do so in obedience to the statute where the allowance cannot be sustained unless it be presumed from an inspection of the report that the auditor was necessarily engaged a certain number of days in the performance of his duties and such presumption would be in direct contradiction of the record. Where the record showed that the auditor had held but six meetings and had consumed a large part of his time in taking testimony, which should properly have been excluded, the appellate court will not approve the auditor's fee of $650.

Argued November 19, 1919. Appeal, No. 241, Oct. T., 1919, from order and decree of O. C. of Delaware County, by Eliza J. Johnston, executrix and sole legatee, in the estate of Nancy Hoy, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Exceptions to auditor's report. Before JOHNSON, P. J.

From the record it appeared that Eliza J. Johnston, executrix and sole legatee, excepted to the allowance of $800 to the claimant and the allowance of $650 to the auditor as excessive.

The court below dismissed the exceptions. Exceptant appealed.

*Error assigned* was in dismissing exceptions.

*Frederick J. Shoyer,* and with him *Henry Aronson,* for appellant, cited: Shoemaker v. Kellogg, 11 Pa. 310; Rogers v. Old, 5 S. & R. 403; Barber v. Bull, 7 W. & S. 391; Bracken's Est., 138 Pa. 105; In re Mansfield, Re-

ceiver, 34 Pa. Superior Ct. 413; Brook's Est., 36 Pa. Superior Ct. 327; Gœhring's Est., 263 Pa. 47.

*J. B. Hannum, Jr.,* for appellee.

OPINION BY TREXLER, J., February 28, 1920:

Dr. Harry Gallagher, the claimant, attended the decedent during her last illness for a period of eight days and charged $800 for his services. The only competent testimony adduced before the auditor in support of the claim was that of the attending though not a trained nurse and of a neighbor's gardener. The claimant was examined and cross-examined but his testimony was afterwards declared incompetent by the auditor. His visiting book was also ruled out. When we examine the testimony of the nurse we find that she was called on the afternoon of December 13, 1915, and remained on the case until December 16th, the date of death. Doctor Gallagher was not there constantly. Patient's condition was critical. She was suffering from prolapsus and the nurse being unable to relieve the patient, the doctor catheterized her a number of times. The nurse testified to two visits of the doctor on Monday and one on Tuesday morning. The patient was comatose and was suffering. The doctor administered oxygen more than once and at least one hyperdermic. The doctor saw the patient every day from the 13th to the 16th of December more than once a day and gave instructions to the nurse how to treat the patient. Her recollection as to the frequency of the doctor's visits was vague. For example she did not remember at all whether he called on Wednesday night. She was sure he was there Thursday evening. This in short was the testimony of the nurse.

Douglas Stevenson testified that he was employed as a gardener next door to the place decedent resided. He saw the doctor about twice a day for a week or ten days, saw his auto standing for an hour or more but upon cross-examination he disclaimed knowledge of the

frequency or length of visits. The testimony of this witness is lacking in exact detail and is meagre. Doctor Gallagher swore to a detailed account of his services.

Doctors Fronefield and Jefferis were called as experts and each of them was asked whether he had read the testimony of Doctor Gallagher and the nurse and the gardener and was then requested to give an estimate as to what the services were reasonably worth. After they had made answer to this question they were asked if they would come to the same conclusion if Doctor Gallagher's testimony were eliminated. Doctor Jefferis stated that he tried to eliminate Doctor Gallagher's testimony as far as he could and come to the same result and Doctor Fronefield said the striking out of Doctor Gallagher's testimony would make no difference in the estimate of value of the services since the nurse's testimony showed the serious nature of the illness.

We think this method of procedure was clearly wrong. This was not such a case as allowed an expert witness to read the whole testimony and then give an opinion on it. This method has been approved by our highest court but it should not be applied where the facts are complicated or the evidence contradictory: Yardly v. Cuthbertson, 108 Pa. 395; Wigmore on Evidence, Chap. XXV, Sec. 681. Did these experts assume the facts testified to in the examination or as limited and to some extent contradicted upon cross-examination? It was the right of the auditor to know what facts formed the basis of their conclusion. Doctor Gallagher's narration covered a longer period of service and contained fuller details than the meagre and uncertain testimony of the nurse and the gardener. How these experts after excluding the doctor's testimony could come to the same conclusion as before, we cannot see. A part never is as great as the whole and the two narratives can in no sense be regarded as equivalent bases for a similar conclusion. Doctor Jefferis as noted before eliminated the testimony of the doctor as far as he could. How far he succeeded

does not appear The proper and only way in such a case was to state the facts that appeared in the testimony in the form of a hypothetical question and this being answered the auditor and the court could determine what the foundation of the estimate was. The conclusion of the doctors should clearly appear to be founded upon the competent testimony introduced.

The auditor charged the sum of $650 for his services. There is no evidence before us to justify such a charge. This amount presumes that the auditor spent 65 days in the performance of his duties. As this court stated In re Ira F. Mansfield, Receiver, 34 Pa. Superior Ct. 413, "While the appellate courts will not reverse the action of the lower court in the matter of the compensation of auditors unless error clearly appears, yet they are bound to do so in obedience to the statute." In the case before us the auditor held six meetings and took several hundred pages of testimony. A large part of the time was consumed in taking testimony which the auditor should have ruled out in the outset. Certainly Doctor Gallagher could not testify as to his claim against this decedent's estate. The improper admission of this testimony has complicated the whole matter and is the origin of the trouble. There is nothing before us that would justify the charging of the above sum.

Objection is made to the stenographer's fees. We are not prepared to decide whether these are improper or not. We do not think it is incumbent upon us to go over the manuscript record and fix the fees of the stenographer. We do not pass upon this question but refer it back that proper means be taken to ascertain the items entering into the bills presented.

The decree of the lower court in confirming the distribution of $800 to Dr. Harry Gallagher is reversed and the record is remitted with direction that the matter be referred back to the auditor so that the claimant may have an opportunity of presenting his claim and supporting the same with competent proof.

512, (1920).]            Opinion of the Court.

The decree of the orphans' court allowing $650 auditor's fees to Josiah Smith is reversed.  The court below may ascertain the services rendered and fix the fee according to law.

It is further ordered and decreed that the costs of this appeal be paid equally by Doctor Harry Gallagher and the auditor, Josiah Smith, esquire.