# McMinis v. Philadelphia Rapid Transit Co., Appellant.

*Negligence—Damages—Personal injuries—Tuberculosis resulting from physical injury.*

1. The law recognizes the possibility of tuberculosis resulting from bruises inflicted on the body.

2. In such case, it is not enough, after the lapse of a long time, to establish a mere lessening of resistance which might have caused the disease.

3. Proof is not required that the infesting germ was implanted in the body at the time of the injury, but it must be made to appear with reasonable certainty that the resulting condition was brought about by the act complained of.

4. This may be shown by the opinion of qualified experts who state plainly that, in their professional views, the accident was the superinducing cause.

5. Where the medical expert gives his opinion of the existence of a causal connection between the injury and a disease, a state-

ment made in cross-examination, that no one could positively tell whether plaintiff might not have been in his present condition if he had not suffered any physical injury, does not destroy the probative effect of the original opinion. It is for the jury to consider the evidence as a whole.

6. The opinion of a physician that plaintiff's disease was the result of the injury, is inadmissible where it is based on only a part of the material evidence, and not a defined part that the physician had heard.

7. The expert may express his opinion if he has listened to all of the evidence submitted to the jury, where not conflicting.

8. Where the judgment is to be based on the testimony of others, the query must assume the truth of the facts as narrated by the witnesses.

Argued December 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 271, Jan. T., 1926, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1921, No. 3251, on verdict for plaintiff, in case of Jonathan McMinis v. Philadelphia Rapid Transit Company. Reversed.

Trespass for personal injuries. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $17,098, on which judgment was entered for $15,000. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Layton M. Schoch,* with him *J. J. K. Caskie,* for appellant.—There was neither direct nor opinion evidence sufficient to establish causal connection between the accident and the tuberculosis: McCrosson v. Transit Co., 283 Pa. 492; Anderson v. Baxter, 285 Pa. 443; Fink v. Spring Co., 270 Pa. 476; McCafferty v. R. R., 193 Pa. 339; Blasband v. Transit Co., 42 Pa. Superior Ct. 325;

Howarth v. Express Co., 269 Pa. 280; Loeb v. Davidson, 261 Pa. 418; Becker v. Transit Co., 245 Pa. 462; Mc-Dyer v. Rys., 227 Pa. 641; Gillman v. Ry., 224 Pa. 267.

*Isaac Hassler*, for appellee.—The standard of medical evidence required is that the expert shall say that in his professional opinion the result in question came from the cause alleged: Jones v. C. & I. Co., 285 Pa. 317; Fink v. Spring Co., 270 Pa. 476; McCrosson v. Transit Co., 283 Pa. 492.

The experts in the case at bar said that very thing, namely, that in their professional opinion the tuberculosis came from the trauma or accident: Anderson v. Baxter, 285 Pa. 443; Davis v. Director Gen., 80 Pa. Superior Ct. 343; McCafferty v. R. R., 193 Pa. 339; Boyle v. Transit Co., 286 Pa. 536; Tracey v. C. & I. Co., 270 Pa. 65; Snyder v. Reading Co., 284 Pa. 59.

OPINION BY MR. JUSTICE SADLER, January 3, 1927:

On March 17, 1920, McMinis, while a passenger on one of defendant's railway cars, was injured by its collision with another, alleged to be due to negligent operation. The testimony showed he was standing at the time on the rear platform, and was hurt as a result of others being thrown against him when he fell. His left leg was lacerated, and there were a few scratches on the back and chest. About three months thereafter symptoms indicating the presence of tuberculosis became apparent, and, in April of 1923, he went to a camp for treatment of this disease, from which he still suffers.

An action for damages was brought in 1921, and a year later a statement of claim filed, wherein the principal injury complained of was the weakening of plaintiff's leg. No suggestion was then made that the violence suffered caused the development of consumption. This result was first averred in an amendment to the pleadings on April 22, 1925. At the trial in the following year, evidence was offered to show the injuries sustained and

the effect thereof. Experts were produced who gave it as their opinion that the blows received at the time of the accident caused the growth of the tubercular condition, which later became evident. A verdict for an amount larger than sued for was rendered, but later reduced, and this appeal is from the final judgment for $15,000 entered.

The first error asserted is based on the refusal of defendant's point asking binding instructions in its favor, on the ground that there was no sufficient evidence of the causal connection between the injury and the tuberculosis. Testimony was offered to show the physical condition of the plaintiff prior to the accident and subsequent thereto. It was proven that the damage to the leg was first made the ground of complaint, and it was treated for some time by his physician. The other facts, indicating that McMinis was suffering from consumption, were not observed until later, but doctors were called to testify that the accident was responsible for the presence of the disease in active form.

Our cases have recognized the possibility of such a result flowing from bruises inflicted upon the body: Blasband v. P. R. T. Co., 42 Pa. Superior Ct. 325. It is not enough, however, after the lapse of a long time, to establish a mere lessening of resistance which might have caused the disease (McCrosson v. P. R. T. Co., 283 Pa. 492), for it cannot be said, as a matter of law, that whatever injury lowers vitality is responsible for the condition which thereafter develops: Anderson v. Baxter, 285 Pa. 443. Proof is not required that the infecting germ was implanted in the body at the time of the injury (Miller v. Director General, 270 Pa. 330), but it must be made to appear, with reasonable certainty, that the resulting condition was brought about by the act complained of: Dialesantro v. Phila. Co., 47 Pa. Superior Ct. 339. This may be shown by opinions of qualified experts who state plainly that, in their professional views, the accident was the superinducing cause: Vorbnoff v.

Mesta Machine Co., 286 Pa. 199.  Such evidence was offered in this case, making the question one for the jury to pass upon, and the court properly refused the requested binding instructions for the defendant.

It is insisted here that the physicians called did not express such definite opinions of causal connection as justified a finding for the plaintiff, and the objection on this ground to the judgment expressed by Dr. Wentz, referred to in the second and third assignments, is of force. The same cannot be said of the testimony given by Drs. Solis-Cohen and Eshner which was sufficient, if believed. It is urged that the opinions of the latter were of no probative value in view of their statements that no one could positively tell whether the plaintiff might not have been in his present condition if he had not suffered any physical injury.  We cannot say, as a matter of law, that the answers referred to, given in cross-examination, destroyed the effectiveness of their previous declarations. It was for the jury to consider the evidence of each as a whole in passing upon the weight to be given to the judgments expressed.

The fourth and fifth assignments complain of the admission of the opinion of Dr. Solis-Cohen, based on his observation of McMinis, and a consideration of a portion of the testimony given by him.  The witness had examined the plaintiff twice several years after the accident, but this delay in itself would not disqualify him from giving his judgment, if otherwise qualified: Albert v. P. R. T. Co., 252 Pa. 527.  He was asked to state the effect of the injury sustained in the instant case as a producing cause of the present tubercular condition, based upon what he had observed, a part of the testimony of the plaintiff, and that of the family physician. The reply first given was stricken out on motion, and subsequent hypothetical questions propounded were held improper and not answered.  Later, the doctor did express an opinion, founding it in part upon the evidence of McMinis taken on the second day of the trial.  He

was not present when plaintiff was first called and largely examined in chief. Though testimony as to the injury to the leg, and the general physical condition, commencing some months thereafter, was gone over again in further examination and cross-examination, yet many details, such as the description of the marks and bruises on his body, were not then rehearsed. After a careful review of witnesses's evidence presented on both days, we cannot say there was a substantial repetition of all the essential facts narrated at the first hearing, and the opinion of Dr. Cohen was therefore given without consideration of all of plaintiff's story.

A medical expert may testify as to the symptoms and sensations narrated by the patient, for the purpose of securing a correct diagnosis (Eby v. Travelers Ins. Co., 258 Pa. 525; Boyle v. P. R. T. Co., 286 Pa. 537), and is permitted to give his professional judgment as to effects produced by an accident, based on his own physical examination of the injured party (Brown v. Chester Traction Co., 230 Pa. 498), but not on what others have told him, even though fully advised as to the history of the case: Williams v. P. R. T. Co., 257 Pa. 354; Becker v. P. R. T. Co., 245 Pa. 462. The witness cannot found his opinion merely on facts communicated, and the statements heard in court: Howarth v. Adams Express Co., 269 Pa. 280. If he has listened to all of the evidence submitted to the jury, where not conflicting, he may express his judgment: Gillman v. Media Ry., 224 Pa. 267; Coyle v. Com., 104 Pa. 117. He is not competent, however, to give an opinion based only on a part of the material evidence adduced, as attempted here, though he may be asked as to his conclusion from consideration of specifically defined portions of the testimony offered: McDyer v. Eastern Pa. Ry., 227 Pa. 641. The opinion desired should have been elicited by asking a proper hypothetical question: Rouch v. Zehring, 59 Pa. 74; Hoy's Est., 73 Pa. Superior Ct. 512. In any event, where the judgment is to be based on the testimony of others,

the query must assume the truth of the facts as narrated, before an opinion can be given: Williams v. P. R. T. Co., supra; Yardley v. Cuthbertson, 108 Pa. 395; Wissinger v. Valley Smokeless Coal Co., 271 Pa. 566; Howarth v. Adams Express Co., supra. The expert in this case was not asked to form his judgment on a defined part of the evidence, nor to assume the truth of that portion which he did hear. Under the circumstances disclosed, his opinion as to causal connection should therefore have been rejected, and its admission was prejudical error, which makes necessary the sustaining of the fourth and fifth assignments of error.

The judgment is reversed with a venire facias de novo.