## Cox v. Woodlands Cemetery Company, Appellant.

Argued October 10, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellant.

*Alexander F. Barbieri,* for appellee.

OPINION BY BALDRIGE, J., November 22, 1938:

In this workmen's compensation case the claimant filed a petition on June 18, 1935, alleging disability caused by a back injury sustained while engaged in defendant's employ. After a hearing, the referee found there had been no accident and dismissed the petition. Upon appeal to the board, the referee's findings were reversed and the record was remanded to him to take testimony as to the extent of the claimant's then disability, as the board's decision was not made until a year and three months after the previous testimony had been taken. Further testimony was thereupon adduced on the question of the extent of claimant's disability and loss of earning power. The referee made no findings but returned the testimony to the board. It found on sufficient competent evidence that the claimant had sustained an accident which rendered him totally disabled, and entered an award accordingly.

The appellant contends (1) that the evidence was insufficient to establish a causal connection between the accident and the subsequent disability; (2) that the proof did not establish total disability.

1. The testimony showed that the claimant had been

employed by the defendant for eleven years as a grave digger; that on March 11, 1935, while digging a grave his feet slipped from under him, causing him to twist and strain his back; that prior to the date of the accident he had suffered from scoliosis of the lumbar spine with hypertrophic osteomyelitis, but that his condition did not prevent him from following his regular work. The claimant told his foreman of the accident but he continued working until quitting time. The next day he was unable to report for duty. He remained in bed for three weeks and was then taken to a hospital.

At the first hearing before the referee, Dr. Turner, claimant's family physician, testified that he treated the claimant in 1931 and 1932 for grippe, bronchitis, and sprained back. He was called to claimant's home the day after the accident and found him with an extreme tenderness over the lumbar region, and diagnosed his trouble at that time as a sprained back. Not improving under the treatment prescribed, claimant was sent to the hospital on April 5, 1935. There, a provisional diagnosis was made that he had a sprain of the right sacroiliac joint. Dr. Turner said he concurred in that diagnosis. He also stated that he subsequently examined the X-rays taken at the hospital and learned then that claimant had osteoarthritis of the spine, a progressive disease. The referee asked this witness the following question: "Q. From the condition you found from your personal observation and the reading of that record, do you feel this injury he had on March 11, 1935, was the cause of that condition? A. That was my conclusion.

Dr. Bell, who specializes in orthopedics, testified at the first hearing that he examined the claimant on March 31, 1935. He made later examinations on various occasions until the 3d of December of that year. He found the claimant had an acute exacerbation of chronic osteoarthritis of the spine, a progressive disease.

In his judgment, this condition had been fairly quiescent prior to the accident as otherwise he would have been unable to dig graves. At the second hearing this witness testified that "undoubtedly the accident has aggravated it [osteoarthritis] and caused some progression ...... from my examination and the history, I feel, as I testified previously, that the man's pain which he complains of since the accident is due to that accident, that the accident excited the quiescent process ...... Q. Doctor, is it your opinion, assuming that your history is correct, that he was able to work prior to the accident and since the accident he has had this condition which you have diagnosed as exacerbation of a quiescent condition—assuming that to be true, is it your opinion, Doctor, that this disability he now has is related to or caused by the accident? A. I should say it was caused by the accident—that was the exciting cause of his present disability." On cross-examination, Dr. Bell testified that the information the claimant had given him, namely, that his back had been "O. K.", was the history upon which he based his opinion. As stated above, the doctor knew that prior to the accident the claimant had osteoarthritis.

A careful reading of this witness' entire testimony indicates that he was of the opinion that the claimant had a fairly decent back, notwithstanding he had a preexisting condition which was quiescent prior to the accident and permitted him to do hard work; that the fall lighted up or irritated his previous trouble.

The testimony of the doctors called by the defendant was in conflict with the conclusion of the medical testimony offered by the claimant, but the inferences to be drawn therefrom and the weight to be given thereto is for the board's consideration, not ours. Where there is competent evidence from which a board finds there was an accident and disability resulting therefrom, we do not have the right to interfere. We do not determine

facts: *Harring v. Glen Alden Coal Co.,* 130 Pa. Superior Ct. 552, 198 A. 508.

The appellant, in support of its contention that the medical testimony was insufficient to form a basis for an award, cites *McMinis v. P. R. T. Co.,* 288 Pa. 377, 135 A. 722, where the plaintiff was injured on one of defendant's railway cars when it collided with another. About three months thereafter symptoms indicating a presence of tuberculosis became apparent. A doctor who had made an examination of the plaintiff twice several years after the accident expressed an opinion, founded in part upon the evidence of the plaintiff taken at the trial when he was not present. The questions put to him did not contain all the essential facts. The court held, therefore, that the doctor's opinion was given without consideration of all of plaintiff's story and that under the circumstances disclosed his opinion as to causal connection should have been rejected. The court pointed out, however, in that case that it cannot be said as a matter of law that answers given in cross-examination destroy the effectiveness of previous opinions expressed by a doctor, as it is for the jury to consider the evidence as a whole in passing upon the weight to be given the judgments expressed.

We are of the opinion that the evidence was sufficient to establish an accident, within the meaning of our compensation law, which resulted in disability.

2. That brings us to the question whether there was sufficient evidence to establish a total disability. The claimant himself testified that he has not been employed since the accident; that he continues to suffer pain when he exercises; that he is unable to stoop, push a lawn mower, cut grass, or do manual work; that he could act as watchman if he could find a job of that character, but the defendant company has not offered him any work. Dr. Bell testified that, in his judgment, claimant must keep off his feet and that he is not fit

to do heavy work, although he could act as a watchman but could not use a pick or shovel or engage in any activity of that nature.

Dr. Russell, called by the defendant, expressed the opinion that, in his judgment, claimant was not able to do heavy work, but he attributed his incapacity to the osteoarthritis and not to the accident or injury.

The claimant having adduced evidence that he was disabled for general work, the burden shifted to the defendant to show availability of any possible specialized employment which he might be able to do. It can be fairly inferred that, with his physical infirmity, claimant is not able to obtain employment; as a wage earner he is totally disabled. We have held that if an injury has left a workman a nondescript, incapable of doing even light work of a general character, but fitted to do odd jobs not usually obtainable, it may be presumed that there is no work available for him, and, unless this presumption is overturned, he is entitled to compensation for total disability: *Eckley v. Rae,* 128 Pa. Superior Ct. 577, 194 A. 575; *Maishock v. State Workmen's Ins. Fund,* 129 Pa. Superior Ct. 118, 195 A. 143.

We concur in the following conclusion of the court below:

"Considering claimant's age and experience, and the nature of the work he had done previously, this unfitness to do heavy work, or any work, except such as would allow him to keep off his feet, warrants the finding that he is a nondescript in the labor market, and therefore totally disabled."

Judgment affirmed.