616 A.2d 764

Thomas HANNIGAN, Petitioner,

v.

## WORKMEN'S COMPENSATION APPEAL BOARD
(Asplundh Tree Expert Company), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Oct. 23, 1992.

Reargument Denied Dec. 15, 1992.

Samuel R. DiFrancesco, Jr., for petitioner.

Mark Gordon and Pamela G. Cochenour, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Thomas Hannigan (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of the referee awarding Claimant total disability benefits for the period of March 15, 1990 through July 9, 1990 and partial disability benefits thereafter.

Claimant was employed by Asplundh Tree Expert Company (Employer) as a tree trimmer from 1985 until March 15, 1990. On April 4, 1990, Claimant filed a claim petition alleging an injury to his lower back on March 13, 1990 while trimming trees at work. After a hearing before a referee on August 30, 1990, the referee issued a decision awarding compensation.

■ We are now asked to determine whether the Board erred in reversing the decision of the referee by substituting its own findings and by disregarding the unequivocal medical evidence presented by Claimant. The question of whether the testimony of a physician constitutes sufficient evidence to sustain an award of workmen's compensation benefits is a question of law fully reviewable by this court. *Cavallo v. Workmen's Compensation Appeal Board (Barnes & Tucker)*, 132 Pa.Commonwealth Ct. 22, 571 A.2d 1096 (1990). In performing our review, we are limited to determining whether an error of law was committed or constitutional rights were

violated and whether all necessary findings of fact are supported by substantial evidence. *Kraushaar v. Workmen's Compensation Appeal Board (Doors, Inc.),* 142 Pa.Commonwealth Ct. 69, 596 A.2d 1233 (1991).

At the hearing before the referee, Claimant presented medical evidence in the form of deposition testimony by J.W. Bookwalter, M.D., a board certified neurosurgeon. On direct examination, Dr. Bookwalter testified based upon his examination of Claimant and on the history related to him by Claimant that within a reasonable degree of medical certainty Claimant had sustained a herniated disc which he attributed to an episode occurring March 13, 1990 at work. (R.R. at 279a.)

No medical evidence was presented by Employer in opposition to the nature and extent of Claimant's injury. Employer presented testimonial evidence of three of Claimant's coworkers who testified Claimant had not mentioned his March 13, 1990 injury to them. This testimony was not disputed by Claimant. Employer also defended by attributing the herniated disc to a coughing episode in which Claimant suffered a radiating pain down his leg while bent over tying his shoe while at home on March 15, 1990. This episode was referred to during Employer's cross-examination of Dr. Bookwalter. Specifically, on cross-examination, Dr. Bookwalter was questioned and responded as follows:

Q Now, Doctor, did you know that the foreman had testified that when Mr. Hannigan had first reported this on March 15 that the initial report was that he was at home, he was tying his shoelaces, he coughed and had an acute onset of pain into his low back not dissimilar to what he had experienced in the past as you have described, past prior problems, but now a new component radiating pain into his low extremities? Doctor, if that were the *only* history that you as a physician had heard, would you have rendered an opinion in this case that this man sustained a herniated disc while he was in a bent over position and coughing at his home? If that were the history?

. . . . .

Q  If that were the facts as known to you, would you casually [sic] relate the event at home as the precipitating factor that ruptured this man's disc in his low back?

A  Yes.

Q  And would that have been the cause of his disability?

A  Yes.

(R.R. at 287a–288a.) (Emphasis added.)

Based upon the evidence presented, the referee made the following relevant findings of fact:

13.  I accept as credible the testimony of the Claimant as to his injury occurrence.  Based upon his testimony, I find as a fact that his back pain began on March 13, 1990 while he was reaching with a hydrolic [sic] pole cutter.  I find as a fact that his back pain continued until it became severe when he coughed at home on March 15, 1990.

14.  *During cross examination,* Dr. Bookwalter agreed that he could not, with reasonable medical certainty, relate the Claimant's herniated disc to the described incident while working on March 13, 1990.  However, considering Dr. Bookwalter's entire testimony and the credible testimony of the Claimant, I find as a fact that the Claimant's herniated disc occurred while he was working on March 13, 1990 and that this injury remained until it became disabling when he coughed at home on March 15, 1990.  I considered as corroborative evidence, Dr. J.O. Sterner's report dated April 7, 1990 wherein he related an injury which occurred while working on March 13, 1990.

R.R. at 16a.  (Emphasis added.)

On appeal to the Board, the Board, without taking additional testimony, reversed the decision of the referee, reasoning as follows:

Here, as indicated in Finding of Fact # 14, the Referee states that Dr. Bookwalter's testimony as to causation did not meet this unequivocal standard for medical evidence. Instead, the Referee attempts to bolster the Doctor's opinion by substituting the Claimant's opinion that it was his work activities of March 13 that caused the herniated disc

and not the coughing spell at home that caused it. . . . Here, a fair evaluation of the medical evidence leads only to the conclusion that the herniated disc could have been caused by a slip at work or the coughing incident at home. Accordingly, based upon our review of the record in this case, we find as a matter of law that the Claimant failed to meet his burden of proof to establish causation by unequivocal medical evidence.

R.R. at 23a–24a.

From our review of the medical testimony of Dr. Bookwalter presented as a whole as we are required to do,[1] it is apparent that Claimant's herniated disc resulted as a series of degenerative changes and the work-related incident on March 13, 1990. This evidence supports the decision of the referee. The Board's reliance upon Employer's attempt to create ambiguity by emphasizing the response of Dr. Bookwalter to objectionable[2] hypothetical questions posed during cross-examination and unrelated to the facts in evidence was improper.

The record reflects that counsel for Employer posed the hypothetical question to Dr. Bookwalter in which he was to assume that the *only* history was that Claimant coughed and had an acute onset of pain combined with a new component of a radiating pain in his extremities. Based solely upon that set of facts, Dr. Bookwalter responded "yes" to counsel's question of whether the coughing incident at home would have related to, and been the cause of, the disc injury. R.R. at 288a.

■ In a worker's compensation proceeding, answers given in cross-examination do not, as a matter of law, destroy the effectiveness of previous opinions expressed by a physician. Rather, the evidence will be assessed as a whole in passing upon the weight to be given to the expressed opinion. *Cox v. Woodlands Cemetery Co.,* 133 Pa. Superior Ct. 313, 2 A.2d 565

---

1. See *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board,* 136 Pa.Commonwealth Ct. 720, 584 A.2d 1088 (1990), *appeal denied,* 527 Pa. 652, 593 A.2d 423 (1992).

2. The transcript reflects that counsel for Claimant objected to the hypothetical questions posed to Dr. Bookwalter during cross-examination. See R.R. at 288a, 290a.

(1938) [3] (citing *McMinis v. Philadelphia Rapid Transit Co.,* 288 Pa. 377, 135 A. 722 (1927)). In *Cox,* the court considered the same contention presented here, namely, whether the medical testimony was insufficient to form the basis for an award of compensation to a grave digger who sustained a back injury. Claimant's medical witness testified that it was his opinion claimant suffered a disability caused by his work accident. On cross-examination the physician testified that the history given him by claimant, upon which he based his opinion, was that claimant's back had been "O.K." The superior court concluded there was sufficient evidence to establish a causal connection between the accident suffered by the claimant and his subsequent disability. The superior court reasoned that a reading of the medical witness' entire testimony indicated claimant had a "fairly decent back" which was irritated by the work injury. In so finding, the superior court relied upon language of the Supreme Court in the *McMinis* decision that answers given in cross-examination do not destroy the effect of previous opinions. This principle is equally applicable here.

Furthermore, weight and credibility of medical evidence are solely within the province of the referee. *Cavallo; Hess Brothers v. Workmen's Compensation Appeal Board (Gornick),* 128 Pa. Commonwealth Ct. 240, 563 A.2d 236 (1989); *Wilson v. International Peripheral Systems, Inc.,* 58 Pa.Commonwealth Ct. 38, 427 A.2d 293 (1981). The Board not only improperly usurped the prerogative of the referee but did so upon a basis not supported by the record.

Accordingly, we vacate the order of the Board and reinstate the decision of the referee.

## ORDER

AND NOW, this 23rd day of October, 1992, the order of the Workmen's Compensation Appeal Board is vacated and the decision of the referee is reinstated.

3. *See also Rambler v. Tryson,* 7 S. & R. 90 (1821) (In testamentary proceeding, with regard to hypotheticals, where a witness has given his opinion founded on facts known to him, he cannot be asked what his opinion would be on a different set of facts during cross-examination.)